526 A.2d 413

**Westley HALL**

v.

**Delores BROWN and Commonwealth of Pennsylvania Department of Public Welfare.**

**Appeal of Delores BROWN.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1986.

Filed May 26, 1987.

---

John A. Lord, Philadelphia, for appellants.

Richard A. Weisbord, Philadelphia, for appellee.

Before CAVANAUGH, McEWEN and MONTEMURO, JJ.

CAVANAUGH, Judge:

This appeal arose out of an action for personal injuries sustained in a motor vehicle accident which occurred on October 15, 1979. Appellee Hall commenced suit by filing a complaint on July 1, 1980, and as a result of information obtained through depositions, suit was also instituted against the Commonwealth of Pennsylvania—the employer of the defendant at the time of the accident. Subsequently, the Commonwealth's motion for summary judgment was granted by an order of the court dated October 28, 1983.

As the insurance carrier for defendant, appellant Government Employee's Insurance Company (hereinafter Geico), entered into negotiations with appellee, resulting in the execution of several stipulations. The first stipulation outlined an agreement between the parties whereby the court would enter a verdict of $50,000.00, the full amount of Geico's policy limits, along with an additional agreed verdict in the amount of $1,035.00 for property damage.

By an order dated January 30, 1986, a verdict in that amount was entered, and the court also "conditionally assessed" delay damages of $18,792.85 against the defendant, Delores Brown. The apparent reason for this conditional assessment was a separate stipulation [1] whereby the parties agreed that the issue of liability for payment of the delay damages would be submitted to the trial court for adjudication. It was further stipulated that regardless of which party was found liable, the plaintiff below would not seek to collect from the defendant insured any amounts in excess of the policy limits.

The parties presented the issue of delay damages liability to the trial court by way of a motion to garnish filed by the plaintiff and Geico's answer thereto. We note that this unusual procedure, in conjunction with the previously mentioned stipulations, had the intended effect of subjecting

1. While the actual text of this stipulation was not made a part of the record below, its terms and conditions were explained in the trial court opinion and were discussed by the parties in their briefs on appeal.

Geico to the jurisdiction of the court for the limited purpose of resolving a single issue. Consequently, although the defendant insured's name still appears in the caption of this matter as the appellant, the true appellant before us is the insurer, Geico.

The trial court determined that appellant Geico, as insurance carrier for the defendant, was liable for delay damages of $18,792.85 in accordance with Rule 238.[2] In its opinion,

**2.** Pennsylvania Rule of Civil Procedure 238 provides:

(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. § 30 et seq., or the Health Care Services Malpractice Act of October 15, 1975 P.L. 390, 40 P.S. § 1301.101 et seq., shall

(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision of a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision:

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision.

(b) In arbitration under the Act of 1836, the amount of damages for delay shall not be included in determining whether the amount in controversy is within the jurisdiction of the arbitrators.

(c) Except as provided in subdivision (e), damages for delay shall be added to the award, verdict or decision against all defendants found liable, no matter when joined in the action.

(d) The court may, and on request of a party shall, charge the jury that if it finds for the plaintiff, it shall not award the plaintiff any damages for delay because this is a matter for the court.

(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made.

(f) If an action is pending on the effective date of this rule, or if an action is brought after the effective date on a cause of action which accrued prior to the effective date, damages for delay shall be computed from the date plaintiff files the initial complaint or from a date one year after the accrual of the cause of action, or from a date six (6) months after the effective date of this rule, whichever date is later.

(g) This rule shall not apply to

(1) eminent domain proceedings;

the court pointed out that Rule 238 was created to encourage early settlements, lessen congestion in the courts and compensate injured plaintiffs for the prior inability to utilize funds rightfully due them. Since Geico, through its contract with the insured, had sole authority to make settlement offers, and because it had exclusive use of funds later paid over to appellee, the trial court determined that Geico was responsible for the delay and was therefore liable under Rule 238.

The court took note of the rule of law requiring a showing of bad faith before an insurance carrier will be held liable for amounts in excess of the policy limits. It was held that failure to act within the mandate of Rule 238 is a *per se* determination that an insurer did not act with good faith in its efforts to dispose of a claim. Under the trial court's analysis, if delay damages are found to be owing, and if the insurance carrier is found to be the "responsible" party pursuant to Rule 238, then the rule of law requiring a showing of bad faith before an insurer's liability will be enlarged beyond the policy limits is *simultaneously satisfied.* Where delay damages are assessed in the typical situation in which a carrier controls the defense, such assessment conclusively establishes the carrier's bad faith.

The lower court's opinion relies on its *"per se* bad faith" proposition as the basis of a novel theory which effectively extends the contractual obligations of an insurance carrier well beyond currently recognized bounds. We cannot agree and accordingly vacate the order of the trial court finding Geico liable for delay damages.

The primary flaw in the trial court's reasoning becomes clear when a comparison is made between the good faith standard and the factors necessary for a recovery of delay damages under Rule 238.

It is settled law that an insurer may be held liable for the entire amount of the judgment against its insured,

(2) pending actions in which damages for delay are allowable in the absence of this rule.

regardless of the policy limits, if in handling the claim the insurer acted in bad faith in the discharge of its contractual duties. *Cowden v. Aetna Casualty & Surety Company,* 389 Pa. 459, 134 A.2d 223 (1957). By asserting a right under the policy to handle all claims, including a right to make a binding settlement, the insurer assumes a fiduciary position toward the insured and becomes liable to act in good faith and with due care in representing the interests of the insured. *Gedeon v. State Farm Mutual Automobile Insurance Company,* 410 Pa. 55, 188 A.2d 320 (1963); *Gray v. Nationwide Mutual Insurance Company,* 422 Pa. 500, 223 A.2d 8 (1966); *Moody v. Nationwide Insurance Company,* 257 Pa.Super. 642, 390 A.2d 311 (1978). The insurer has not satisfied the good faith standard merely by demonstrating that it acted sincerely. More is required, including an intelligent and objective appraisal of the case in order to best determine the advisability of settlement. *Shearer v. Reed,* 286 Pa.Super. 188, 428 A.2d 635 (1981). In order to recover, the insured must prove by clear and convincing evidence that the carrier acted in bad faith. *Cowden, Supra.*

As the preceding discussion demonstrates, a determination by the factfinder that an insurer has acted in bad faith toward its insured is anything but a mechanical one. Rather, it is one which relies on consideration of many difficult to quantify factors, such as the reasonableness of a refusal to settle in light of the particular facts and circumstances of the underlying claim. A finding that delay damages are due an injured plaintiff is fundamentally different from a determination that an insurer acted in bad faith.

Prior to our Supreme Court's holding in *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986) [3], a decision as to whether a defendant was liable for

**3.** In order for the case at bar (which was decided prior to *Craig*) to receive the post-trial delay damages hearing mandated by *Craig,* appellant would have had to raise the issue of the constitutionality of Rule 238 in the court below. *Morgan v. Monessen Southwestern Railway Company,* 513 Pa. 86, 518 A.2d 1171 (1986). Since this issue

delay damages, and if so, the extent of the award, was arrived at by a simple computation involving the dates of key events in the litigation, the size of the verdict and the amounts of any settlement offers made.

Following *Craig*, the mandatory provisions of Rule 238, which assess delay damages against a defendant with no determination as to which party was responsible for the delay, were suspended. Now, before the computational aspects of the Rule are brought to bear, the plaintiff must petition the court for such damages and a hearing may be held to resolve factual disputes. The factfinder will consider the respective responsibilities of the parties, presumably "charging" the plaintiff or defendant with various delays in much the same way that our courts presently conduct Rule 1100 hearings in criminal actions.

■ From the foregoing, it is clear that a determination that an insurance carrier is liable for delay damages, even under the more discretionary and fault-based analysis mandated by *Craig*, is something less than a finding that the carrier acted in bad faith. At best, it might be said that in some circumstances, the fact that an insured has been exposed to personal liability for delay damages may constitute evidence of bad faith. However, in a subsequent action by the insured or the insured's assignee, the inquiry into the carrier's bad faith in handling the claim would be complete by any means. It is not difficult to imagine a number of scenarios in which the carrier's handling of a claim fully comports with its duties and obligations under the contract, but the insured is nevertheless obliged to pay all or a part of the damages assessed for delay. The carrier is entitled to have the reasonableness of its actions judged in view of the posture of the case during the time period at issue. It should be permitted to argue to the factfinder that a refusal to settle at a certain point or for a particular

was raised for the first time on appeal, it has been waived, and the mandatory provisions of Rule 238 properly apply.

amount was not, under the circumstances, a breach of its contractual responsibilities. Serious questions of Due Process would therefore be raised if we were to consider liability under Rule 238 as a *per se* determination that an insurance carrier did not act with good faith in attempting to timely dispose of the claim.

It should be noted that Rule 238 does not provide for assessment of delay damages against the person or entity deemed responsible for the delay. Our reading of the Rule reveals that if such damages are found owing, the plaintiff may collect them from the defendant only. There is no provision for shifting liability to an insurer who has the sole right to conduct the defense. Where the carrier has paid the limits of its policy, its liability may be enlarged provided the defendant (or the plaintiff under an assignment of rights) is able to demonstrate in a subsequent action that it breached its duty to act in good faith. In the case at bar there has been no contention that the defendant insured assigned her potential claim for bad faith against Geico to the appellee. Instead, knowing that the carrier had paid its policy limits, appellee signed a stipulation releasing from liability the only party who, in our view, could be held liable.

We do not make this decision under any illusions about the role of an insured defendant in a civil action. That role may in fact be a limited one, largely governed by a contract between the defendant and the insurance carrier. The carrier has exclusive control over conduct of the defense, and in exercising its contractual right to effect settlement may expose the insured to liability for delay damages. However, a determination that such damages are owing is a matter separate and apart from the issue of whether a requirement of good faith has been met.

Accordingly, the order of the trial court finding Geico liable for delay damages is vacated.