566 A.2d 1245

**Robert & Amelia WOODS & Moses & Margaret Cook, Appellants**

v.

**Jesse ELLERBE & Mary Ellerbe, Robert Woods.**

Superior Court of Pennsylvania.

Submitted June 27, 1989.

Filed Oct. 20, 1989.

Joel M. Lieberman, Philadelphia, for appellants.

Audrey L. Jacobsen, Philadelphia, for appellees.

Before DEL SOLE, TAMILIA and CERCONE, JJ.

TAMILIA, Judge.

This is an appeal of a trial court Order denying appellants' petition for delay damages. Prior to commencement of trial in this matter, stipulated verdicts were entered in favor of appellants, Robert and Amelia Woods, for $15,000

and Moses and Margaret Cook for $15,000, as against appellee Jesse Ellerbe for an automobile accident in which Ellerbe's vehicle collided with Woods' vehicle. Ellerbe carried automobile liability insurance with Prudential Property and Casualty Insurance Company and the verdicts represented the policy limits of $15,000/plaintiff and $30,000/accident.

Appellants petitioned the court for delay damages in the amount of $4269.60 pursuant to Pa.R.C.P. 238. After argument on the issue the trial court denied the petition and appellants now appeal, raising two issues: 1) whether amended Rule 238, effective November 7, 1988, is applicable to the instant case; and 2) whether delay damages are payable where the policy limits have been paid by the insurance carrier.

Citing *Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 416, 552 A.2d 258 (1988), appellant first argues "AMENDED RULE 238, EFFECTIVE NOVEMBER 7, 1988, IS APPLICABLE TO THE CASE AT BAR." Appellant's brief at 7. We agree, as did the trial court which heard oral argument from both sides then *did* apply new Rule 238 in deciding the delay damage issue against appellant. The trial court specifically set forth the Rule in its Opinion and considered "the threshold issue as to whether the requisite offer has been made, and (2) whether the plaintiff was responsible for specified periods of time during which trial was delayed." Slip Op., Wright, J., 4/3/89, p. 3. The court then details the specific settlement offers made by defendants, the agreement by the parties to engage in good faith settlement negotiations and the defendants' conduct during their investigation. Quoting *Hall v. Brown*, 363 Pa.Super. 415, 420, 526 A.2d 413, 416 (1987), the trial court said, " 'It (the insurance carrier) should be permitted to argue before the factfinder that a refusal to settle at a certain point or for a particular amount was not, under the circumstances, a breach of its contractual responsibilities.' " Slip Op. at 4. The court concluded, "[t]hus, we find defendant's conduct in the investigations and settlement

negotiations reasonable under the circumstances, causing no delay in the disposition of this case." Slip Op. at 4. Having reviewed the record and transcripts of this case, we find no error with the conclusion the new Rule 238 applies to this case, although we do not find ourselves in accord with the trial court's reliance on the reasonableness of the defendants conduct. *See Brown, supra* (focus is not to be on the reasonableness of defendant insurer's settlement behavior).

As to appellants' second issue, the trial court determined appellants could not receive delay damages since Prudential paid the limits of the policy, unless appellants could show Prudential had acted in bad faith. Appellants could not prove bad faith, however, as they waived their right to pursue such a claim at a hearing before the court:

MR. RYAN: [counsel for appellees] And in addition to that, there was also a stipulation that he is not seeking a claim in bad faith against Prudential.

THE COURT: Now, when you say a stipulation, was there an oral stipulation, a written stipulation?

MR. RYAN: There was a stipulation put on the record.

MR. LIEBERMAN: [counsel for appellants] Your Honor, the stipulation, if I may, was that I would not pursue any delay damage action [against] the named insured; that any action that I would pursue would be against the insurance company. That was the agreement.

MR. RYAN: But not for bad faith. The only issue—

THE COURT: Okay. If you're agreed not to pursue it against the carrier for bad faith, then you are merely keeping your agreement here—

MR. LIEBERMAN: That's correct.

THE COURT: —when you say that you're not pursuing for bad faith.

MR. LIEBERMAN: That is correct, Your Honor.

THE COURT: All right. So that is understood, that any claims for bad faith against the carrier is contrary to the stipulation and is not to be entertained by this Court.

MR. LIEBERMAN: Correct.

N.T. 10/5/88, pp. 20–21.

We agree with the trial court's analysis. In *Brown, supra,* we held that an insurance carrier would not be liable beyond the policy limits unless it was proven the carrier breached its duty to act in good faith. We further found that under the Rule, a plaintiff could collect delay damages from the defendant only and there was no provision for shifting liability to the insurer.[1] Appellants, as shown above, have waived the right to pursue a claim for delay damages against appellee, hence, they are precluded from obtaining such an award either from appellee or his insurance company.[2]

Order affirmed.

DEL SOLE, J., dissents.

DEL SOLE, Judge, dissenting.

With respect for the position of my colleagues in the majority and their proposed decision in this matter, I must dissent. I believe that the focus of both the majority and the trial court in this case with respect to Rule 238 is incorrect.

The automobile accident which resulted in this law suit occurred on August 21, 1982. It was not until September 19, 1987 that representatives of the defendant's insurance carrier offered their policy limits of $15,000/$30,000 in settlement of the claims of Mr. Woods and Ms. Cook. Certainly, it should not take in excess of five years to determine the value of claims particularly when one is dealing with a policy of minimal limits.

The focus of the trial court and of the majority on the plaintiff's posture during the settlement negotiations is, in

---

**1.** Although *Hall* is an interpretation of the old Rule 238, nothing in the new Rule leads us to believe a deviation from the holdings in *Hall* is necessary or required.

**2.** We note for the record that even if appellants had not waived the right to properly pursue a claim for delay damages, such a claim would still be without merit as we agree with the trial court's determination that Prudential did not act in bad faith in handling this claim.

my view, misplaced. Rule 238 is a rule which requires a person or party against whom claims are being made to make a fair offer in settlement of the case. A party should not be heard to complain that its offer was not sufficient for settlement purposes because of the posture of the claimants demand. Where, as here, the offer of $15,000 to each claimant was made more than five years after the accident, the claimants should be entitled to delay damages for the periods specified by Pa.R.C.P. 238(a)(2)(i). The only time that would be excludable for the calculation of delay damages would be that found in Rule 238(b)(1).

The purpose of Rule 238 is to foster reasonable evaluation and settlement offers. In order to avoid the imposition of delayed damages a party must make a written offer which is not exceeded by the verdict by 125%. Until the time that that offer is made, following the initial period permitted by the Rule for appropriate evaluation of the claim, delay damages shall be paid.

I believe that the focus on whether or not the insurance carriers actions were "reasonable" or a product of "bad faith" is immaterial. To hold otherwise would permit defendants, particularly insurers, who have minimum policy limits, to refrain from offering their limits until just prior to trial. This would defeat the purpose of Rule 238. Therefore, I dissent.