**Miller v. Hellman**

*David L. Lutz,* for plaintiffs.

*Karl R. Hildabrand* and *Richard B. Druby,* for defendants.

QUIGLEY, *P.J.,* July 13, 1993—This case arose as a result of an accident between the plaintiffs and the defendants on December 24, 1987. Early in 1988, a series of letters from plaintiffs' attorney to Prudential's attorney requested tender of the policy limits of the defendant's insurance policy. At this time the return letters from Prudential stated that they were in the process of investigating the potential (accident) liability and that tendering the policy limit would be premature. The plaintiffs filed a complaint on May 3, 1988. On May 13, the defendant sent a letter offering the $100,000 policy limit of defendant's insurance policy. Plaintiffs would not accept this offer, and the case went to trial. At trial, plaintiffs received a $2,500,000 jury award. From the time of the accident to the present, the plaintiffs have not sought payment from the assets of the defendant's estate. Plaintiffs have stated that going after the estate assets would be premature at this time. At the hearing, it was shown that the plaintiff's counsel did not know the size of the estate until the date of the hearing. This shows that at this point, the plaintiffs have not been actively pursuing the assets of defendant's estate.

Plaintiffs are now seeking delay damages, on the basis that Prudential's tender of the policy limits was untimely. Prudential, the insurance company, is contesting any award of delay damages. Prudential makes three arguments against delay damages: first that they offered the policy limits and therefore should not be liable for delay damages; next, that if they are liable for delay damages, this period should exclude the time between August of 1989 through February of 1992 when

the plaintiffs were trying to pursue a case against PennDOT; and finally, that Rule 238 of the Pennsylvania Rules of Civil Procedure is unconstitutional.

Rule 238 as amended in 1988, provides for damages for delay in actions of bodily injury, death or property damage. According to Rule 238, delay damages should be awarded for the period of time, in an action commenced before August 1, 1989, from the date plaintiff first filed the complaint or from a date one year after the accrual of the cause of action, whichever is later up to the date of a verdict. This period of time for which delay damages can be calculated excludes the periods of time when the defendant has made a written offer of settlement which was not exceeded by 125 percent of the verdict, or when the plaintiff caused the delay of trial. As plaintiff strenuously argues, this rule is for the most part explicit and concrete. However, there are exceptions to this rule.

The explanatory comment to Rule 238 states that old Rule 238 was the subject of many appellate cases and except where new Rule 238 clearly implies or specifies the contrary, most of these old cases will be applicable to practice under the new rule. One case noted in the explanatory comment is *Berry v. Anderson,* 348 Pa. Super. 618, 502 A.2d 717 (1986). The explanatory comment interprets *Berry v. Anderson* as stating, "that delay damages are not to be awarded after the date of the defendant's offer when the court determines that the offer was the full amount available for payment of the plaintiff's claim and it was impossible for the defendant to have offered more."

Plaintiffs' counsel suggests that this is only an indigent defendant exception to delay damages where the defendant can avoid delay damages by submitting an af-

fidavit of indigency and having their insurance carrier tender the policy limits to the court. The explanatory comment to new Rule 238 does not limit *Berry v. Anderson* with such language. Moreover, recent case law seems to suggest that the *Berry v. Anderson* exception is more than an indigent defendant exception.

The first case of relevance, is *Woods v. Ellerbe,* 389 Pa. Super. 281, 566 A.2d 1245 (1989). In this case an action was brought against the defendant following an automobile accident. *Id.* at 282-83, 566 A.2d at 1246. Stipulated verdicts were entered in favor of the plaintiffs representing policy limits of an automobile liability policy carried by the defendant. *Id.* at 282, 566 A.2d at 1245. The plaintiffs then petitioned for delay damages. *Id.* at 283, 566 A.2d at 1246. "The trial court determined appellants could not receive delay damages since Prudential paid the limits of the policy, unless appellants could show Prudential had acted in bad faith." *Id.* at 284, 566 A.2d at 1246. In *Woods,* the Superior Court agreed with the trial court on this point. *Id.* at 285, 566 A.2d at 1247. This case is applying new Rule 238. *Id.* The Superior Court of Pennsylvania also cites to a prior case, *Hall v. Brown,* 363 Pa. Super. 415, 526 A.2d 413 (1987). The Superior Court stated,

"In *Brown, supra,* we held that an insurance carrier would not be liable beyond the policy limits unless it was proven the carrier breached its duty to act in good faith. We further found that under the rule, a plaintiff could collect delay damages from the defendant only and there was no provision for shifting liability to the insurer. [Footnote 1. Although *Hall* is an interpretation of the old Rule 238, nothing in the new rule leads us to believe that deviation from the holding in *Hall* is necessary or required.]" *Woods, supra* at 285, 566 A.2d at 1247.

The holding in *Woods* seems to state that where the insured has tendered the policy limits of the defendant, that the insured cannot be held liable for delay damages unless there is a showing of bad faith.

The next case on point, by analogy, is *Woods v. Commonwealth of Pennsylvania, Department of Transportation,* 531 Pa. 295, 612 A.2d 970 (1992). In this case, a motorcyclist was injured when crashing on a Pennsylvania state highway. *Id.* at 296, 612 A.2d at 970.

Pennsylvania offered the injured cyclist $65,000 to settle his claim. *Id.* The statutory cap for such an accident was $250,000. *Id.* The motorist sued the Commonwealth and recovered $1,500,000. The cyclist then sought delay damages. The Superior Court held that delay damages were indeed applicable and should be calculated on the amount of the jury verdict.

The case stated, "explanatory comments to Rule 238 provide that damages for delay are not to be awarded after the date of a defendant's offer when the court determines that the offer was in the full amount available for payment. Thus, in the context of statutory cap cases, the obligation for the payment of delay damages would cease at the time the statutory cap was tendered." *Id.* at 300, 612 A.2d at 972.

This case is analogous to the case at hand because all Prudential could offer were its policy limits, $100,000. Once this amount was tendered, the obligation for the payment of delay damages would cease. Plaintiffs, are not attacking the defendant's estate, Prudential's actions are the sole basis for the plaintiffs' delay damage claim. Therefore, the estate assets and any offers or non-offers by the estate for settlement, or whether or not the estate is indigent, is irrelevant at this point. Also, whether or not Prudential's tender of its policy limits is made in bad faith is also not at issue here.

Since the plaintiffs are attacking Prudential and its actions only in support of its delay damage claim, the *Woods* case is on point.

Finally, the last case on point is *Krysmalski by Krysmalski v. Tarasovich,* 424 Pa. Super. 121, 622 A.2d 298 (1993). Plaintiff's counsel cites this case to support its conclusion that Rule 238 is concrete and that the indigent defendant exception in *Berry* is the only exception to Rule 238. However, a careful reading of *Krysmalski* suggests a different interpretation. It is important to note from the outset that in *Krysmalski,* plaintiffs were seeking delay damages from the defendant solely, not from the defendant's insurance company.

On this point, the Superior Court stated:

"The parties argue strenuously concerning whether Erie offered, during its negotiations with plaintiffs on Tarasovich's behalf, the policy limits under [the defendant's] insurance policy. Whether Erie breached its contract with Tarasovich, however, or acted in bad faith during negotiations is a matter for another day, since Erie is not a party to this lawsuit." *Id.* at 140, 622 A.2d at 308.

With that limitation on mind, the court then goes on to decide the case. *Id.*

The Superior Court noted that there was an exception to the otherwise steadfast requirements of Rule 238. *Id.* at 137, 622 A.2d at 307. This exception was announced in *Berry v. Anderson, supra. Id.* The Superior Court stated that *Berry* stood for the proposition that a plaintiff should not be awarded damages for delay pursuant to Rule 238 after the date of a defendant's offer, when a court determined that the offer was the full amount available for payment of the plaintiff's claim and it was impossible for the defendant to have offered more. *Id.* The Superior Court furthermore stated, "before

seeking *Berry's* shelter, the defendant must offer, at least, any insurance coverage he may have procured." *Id.* at 140, 622 A.2d at 308. Superior Court then went on to agree with the trial court that the defendant could not seek the protection of *Berry. Id.* The Superior Court found that Erie Insurance did not offer its full policy limits. *Id.* It also found that one year after the accident the defendant gave $60,000 of rental property to his son. *Id.*

This case is the most recent regarding delay damages. The only real requirement it states for using a *Berry* exception is that a defendant must at least offer any insurance coverage he may have procured. This language varies significantly from plaintiffs' counsel's belief that the *Berry* exception can only be brought about by an affidavit of indigency on the part of the defendant and paying the insurance policy limits into court. *Krysmalski* tends to recognize a different standard when an insurance company is involved in delay damages litigation. This standard mirrors the holding in *Woods v. Ellerbe.* This standard states that delay damages may not be recovered where the insurance carrier has tendered the policy limits unless the plaintiffs can show bad faith. *Woods, supra.*

On a practical note, how can an insurance company offer any more than its policy limits? Also plaintiffs' counsel appears to be only attacking the insurance company in seeking delay damages. In the instant case, Prudential offered the policy limits 10 days after the filing of the complaint. This effectively tolled the delay damages. Whether or not this was bad faith bargaining, is another issue not before this court.

Therefore, according to Rule 238, delay damages started to accrue in this case on May 3, 1988, the date the complaint was filed. Since the offer of insurance

policy limits was made May 13, 1988, delay damages should be computed for those 10 days.

The defendants are also claiming that new Rule 238 is unconstitutional by violating notions of due process and equal protection under the Federal and State Constitutions. The defendant also asserts that new Rule 238 constitutes an impermissible exercise of the Supreme Court's rule making power under the Pennsylvania Constitution.

The Supreme Court of Pennsylvania has not ruled on the constitutionality of 238 "per se." However, the Superior Court has discussed the constitutionality of new Rule 238. In *Dietrich v. J.I. Case Company,* 390 Pa. Super, 475, 568 A.2d 1272 (1990), the Superior Court upheld the constitutionality of new Rule 238. The Superior Court never specifically stated why they found it was constitutional, but they stated that Rule 238 is not patently unconstitutional and that any further determination on this respect can only emanate from the Supreme Court. *Id.* at 490, 568 A.2d at 1279. The Superior Court stated that in *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986), the court was faced with a faultless defendant and a plaintiff who was at fault in delaying the trial. *Id.* at 488, 568 A.2d at 1278. Old Rule 238 punished the defendant without fault on part of the defendant and regardless of the plaintiff's fault. In *Craig,* the Supreme Court suspended Rule 238's offensive portions and set up a fact finding procedure to determine fault prior to the imposition of delay damages. *Id.* at 489, 568 A.2d at 1279.

Old Rule 238 and new Rule 238 were enacted to encourage tort defendants to offer reasonable settlements. These rules sought to do so through financial incentives. New Rule 238 provides that before delay

damages are to be assessed, the fault of the plaintiff should be determined. The fault of the defendant is immaterial. In *Dietrich,* Superior Court stated that new Rule 238 provides for an evenhanded fault assessment. *Id.* The court stated that the defendant is liable for failing to make a reasonable settlement offer, but the plaintiff cannot recover if he has caused the delay. *Id.* Thus, it found new Rule 238 to be constitutional.

In *Lilley v. Johns-Manville Corp.,* 408 Pa. Super. 83, 596 A.2d 203 (1991), the Superior Court again discussed the constitutionality of new Rule 238. The Superior Court discussed the Supreme Court case of *Shrock v. Albert Einstein Medical Center,* 527 Pa. 191, 589 A.2d 1103 (1991). In *Shrock,* the majority stated that Rule 238 was drafted in compliance with the spirit of *Craig,* the case which suspended old Rule 238. *Id.* at 193, 589 A.2d at 1106. The Supreme Court also explicitly rejected the argument that delay damages should not be awarded when the delay was fault neutral. *Id.* Again the *Shrock* majority stated that the defendants can readily protect themselves from delay damages by making a reasonable and prompt settlement offer. *Id.* After discussing *Shrock,* the Superior Court in *Lilley,* stated, "[a]t a minimum, we believe that these pronouncements must be interpreted as indications that our Supreme Court views Rule 238 as constitutionally orthodox." *Lilley, supra* at 103, 596 A.2d at 213.

These are the main cases pronouncing the constitutionality of 238 in Pennsylvania. A Third Circuit case also reviewed the constitutionality of Rule 238 under both the Federal and State Constitutions. *Knight v. Tape, Inc.,* 935 F.2d 617 (3rd Cir. 1991). The Third Circuit found new Rule 238 to comport with both the due process and the equal protection clauses of the United States and the Pennsylvania Constitutions. The Third

Circuit Court noted that the new Rule 238 tempers old Rule 238's treatment of defendants in several respects. *Id.* at 624. First, the defendants are given a reasonable amount of time to investigate an action before delay damages begin to run. *Id.* at 625. Next, the defendant can challenge disputed delay damages and obtain a hearing to resolve issues of fact which are in dispute. *Id.* Also the interest rate is no longer 10 percent, but is tied to the prime rate as stated in the *Wall Street Journal. Id.* Finally, the defendant can avoid the assessment of delay damages by offering a prompt written offer or if the plaintiff is responsible for the delay in trial. *Id.* The remaining limits of new Rule 238 are that the plaintiff's delay must be of trial and that the defendant is still assessed delay damages for delay which is not caused by either party. *Id.*

The standard used by the Third Circuit to determine the constitutionality of new Rule 238 was a minimum rationality standard. *Id.* at 627. The court stated that new Rule 238 does not implicate a fundamental right. *Id.* Regarding due process, the court stated that the Commonwealth has legitimate interest in expediting settlement of meritorious tort claims in order to reduce court delays. *Id.* The court found that Rule 238 rationally promotes this goal by providing a financial incentive for defendants to seek settlement or at least make a reasonable offer of settlement. *Id.* at 628. The Third Circuit found that this reasoning alone would constitute a sufficiently rational nexus for due process purposes. *Id.* However, the court went on to discuss the alleged unfairness of new Rule 238. *Id.* The Third Circuit noted properly that new Rule 238 does not punish the defendant because the parties failed to settle; but that the rule punishes a defendant because the defendant failed to make reasonable settlement offer. *Id.* With respect to the same issue the court stated,

"On a broader level, however, it is clear that some delays inherent in the adjudication of disputes and that, but for the defendant's commission of a tort and refusal to tender a reasonable offer to settle, the plaintiff would not be made to bear this delay in receiving compensation." *Id.*

Hence the Third Circuit found that new Rule 238 comported with due process requirements of The United States and Pennsylvania Constitutions.

The Third Circuit also stated that this due process reasoning largely satisfied the dictates of equal protection as well. *Id.* at 629. The court found a rational ground for distinguishing in the treatment of plaintiffs and defendants under Rule 238. *Id.* The court stated, "the point is too obvious to belabor that tort plaintiffs and defendants are not similarly situated in the pre-trial settlement context and that, in light of the Commonwealth's desire to foster settlement, it is not irrational for Rule 238 to distinguish between them." *Id.* The court concluded that they could not say that the Pennsylvania Supreme Court behaved irrationally in promulgating new Rule 238, and created an additional financial incentive for the defendants, but not for the plaintiffs to make reasonable settlement offers. *Id.* at 630. Therefore, the Third Circuit concluded that new Rule 238 comports with equal protection concepts of the Pennsylvania and the United States Constitutions. This court agrees with the Third Circuit.

Finally, the defendants contend that the Supreme Court of Pennsylvania exceeded its rule making authority in creating new Rule 238. In *Dietrich v. J.I. Case Company, supra,* the court discussed *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981), the case where the Supreme Court upheld the constitutionality of old Rule 238. The Su-

perior Court stressed that in *Laudenberger,* the Supreme Court stated that the performance of old Rule 238 would touch upon substantive rights of both parties; however, that didn't mean that the old rule was inappropriate for the Supreme Court rule making authority. *Id.* at 488, 568 A.2d at 1278. The Supreme Court of Pennsylvania also stated that most rules of procedure will eventually reverberate to the substantive rights and duties of those involved. *Id.*

Also old Rule 238 was suspended by *Craig* because of due process concerns, not because of lack of authority by the Supreme Court. Therefore since the Supreme Court's authority to issue old Rule 238 was never successfully challenged, its authority to develop new Rule 238 cannot be successfully challenged, especially considering that new Rule 238 provides for a more even-handed fault assessment than old Rule 238. Therefore new Rule 238 did not exceed the Supreme Court's rule making authority.