**Banks v. Chiffy**

C.P. of Dauphin County, en banc, no. 5308 S 1992.

*David H. Rosenberg,* for plaintiff.
*Randy T. Burch,* for defendant.

TURGEON, *J.,* April 21, 1995—On May 6, 1994, a jury rendered a verdict in favor of plaintiff Margaret Banks in the amount of $135,000 for injuries she sustained in a motor vehicle accident with defendant Adam Chiffy. Because of the $25,000 policy limit under defendant's automobile policy with Nationwide Insurance Company, plaintiff commenced garnishment proceedings against Nationwide, as a garnishee, in order to enforce her excess judgment. Defendant's legal representation at trial had been provided by Nationwide.

The plaintiff's theory of recovery is that Nationwide acted in bad faith in failing to accept an offer of settlement made by plaintiff, prior to trial, which was within the policy limit and that Nationwide is liable to her as a result. Nationwide disputes that it acted in bad faith and has filed "preliminary objections, petition to set aside execution/rule to show cause and motion for protective order." Oral argument on the issues raised in that filing was held before an en banc panel of this court on March 29, 1995.

## PROCEDURAL HISTORY

On May 31, 1994, defendant Chiffy assigned to plaintiff his interest in any claims he had against Nationwide arising from the litigation. Plaintiff then commenced her garnishment proceeding, pursuant to the Rules of Civil Procedure, by filing a praecipe for a writ of execution on August 29, 1994. See Pa.R.C.P. 3101 et seq., 42 Pa.C.S. Also on August 29, 1994, plaintiff filed interrogatories to Nationwide as garnishee. The interrogatories were served upon Nationwide that same day but for some reason, the writ was not served until September 13, 1994. On September 12, 1994, one day prior to being served with the writ, Nationwide filed preliminary objections, petition to set aside or stay execution and motion for protective order. In response to that filing, this court, by order of December 7, 1994, dismissed the interrogatories to garnishee and absolved Nationwide from answering them "due to plaintiff's failure to file a writ." Plaintiff then filed a motion for reconsideration of that order which was denied on January 11, 1995. These decisions were based on incorrect information; the plaintiff had indeed filed her writ but instead had only failed to have it served at the time Nationwide raised its objections.

Plaintiff thereupon filed a praecipe to reissue the writ of execution on January 23, 1995 and re-served the writ, together with amended garnishment interrogatories, by regular mail upon Nationwide as garnishee. Nationwide has again filed preliminary objections, petition to set aside execution/rule to show cause and motion for protective order raising a number of issues. Nationwide's major argument, raised as a demurrer and/or petition to set aside or stay, is that plaintiff cannot properly maintain this action by way of a garnishment proceeding.

A demurrer will be sustained "only when it appears, with certainty, that the law permits no recovery under the allegations pleaded." *Runski v. AFSCME, Local 2500,* 142 Pa. Commw. 662, 667, 598 A.2d 347, 349 (1991). Furthermore, when garnishment proceedings have been initiated, the court may stay execution or set aside the writ where the writ is defective or upon "any other legal or equitable ground therefor." Pa.R.C.P. 3121(b)(1) and (2) and 3121(d)(1) and (3).

The Supreme Court of Pennsylvania, in *Cowden v. Aetna Casualty and Surety Co.,* 389 Pa. 459, 134 A.2d 223 (1957) first recognized that an insurer may be liable for the entire amount of a judgment secured by a third party against the insured, regardless of the policy limits, if the insurer handled the claim, including a failure to accept a proffered settlement, in a manner evidencing bad faith. *Id.* at 468, 134 A.2d at 227. "The insurer's duty of good faith . . . is contractual and arises because the insurance company assumes a fiduciary status by virtue of the policy's provisions which give the insurer the right to handle claims and control settlement." *Romano v. Nationwide Mutual Fire Insurance Co.,* 435 Pa. Super. 545, 551, 646 A.2d 1228, 1231 (1994). This contractual right runs to the insured and may be assigned,

in which case the assignee stands in the shoes of the insured. *Gray v. Nationwide Mutual Insurance Co.,* 422 Pa. 500, 511, 223 A.2d 8, 11 (1966); *Hall v. Brown,* 363 Pa. Super. 415, 421, 526 A.2d 413, 416 (1987), *alloc. denied,* 522 Pa. 624, 564 A.2d 916 (1989).

It has been further recognized that a garnishment proceeding is a proper method in Pennsylvania for a judgment creditor to attempt to collect an excess verdict against the judgment debtor's insurer on the basis of an allegation that the insurer acted in bad faith for failing to settle within the policy limits. *Jamison v. Miracle Mile Rambler Inc.,* 536 F.2d 560, 562 (3rd Cir. 1976) ("attachment execution was an appropriate procedure under Pennsylvania law for [the judgment creditor] to assert [the insured's] right to a debt owed by [the insurer]"); *Shaw v. Botens,* 403 F.2d 150, 155 (3rd Cir. 1968) ("the Pennsylvania garnishment proceeding is available to determine the validity of the alleged claim of the judgment debtor against the garnishee-insurer") and *Beck v. Roach,* 9 D.&C.3d 594, 596 (C.P. York 1978) ("direct garnishment proceedings by plaintiff against the insurance company for the excess verdict is still the proper and most efficient method of litigating the issue of bad faith").

Similar garnishment proceedings were brought in *Shearer v. Reed,* 286 Pa. Super. 188, 428 A.2d 635 (1981). There, the plaintiff, who had been injured in an automobile accident, obtained a verdict against the defendant which was in excess of the limits under the defendant's insurance policy. The plaintiff thereafter instituted garnishment proceedings by filing a writ of execution against the insurer, as garnishee, for the excess verdict. The plaintiff alleged that the insurer had acted in bad faith in refusing plaintiff's pre-trial offer to settle within the policy limits. A jury trial was then held re-

sulting in a finding that the insurer had failed to act in good faith and holding the insurer liable for the excess verdict, which result was affirmed on appeal. *Id.* at 196-97, 428 A.2d at 640. See also, *Johnson v. Beane,* 420 Pa. Super. 193, 196, 616 A.2d 648, 650 (1992).

Clearly, there is ample legal authority that a garnishment proceeding is a proper method for a judgment creditor to obtain an excess verdict based on an allegation that the insurer failed to settle the underlying action in good faith. Nationwide has nevertheless argued that since it owes no debt to plaintiff, because there has been no adjudication that it acted in bad faith, it cannot be considered a garnishee.

Rule of Civil Procedure 3101(b) identifies a garnishee as one who "owes a debt to defendant." While on the surface, Nationwide's argument appears to have merit, a review of the case law reveals it does not. This specific argument was rejected in both *Shaw v. Botens, supra* and *Fuller v. Davis,* 21 D.&C.3d 350 (C.P. Phila. 1981), which decisions we find persuasive. In both cases, it was held that the bad faith claim became definite and liquidated by the refusal of the insurer to settle prior to the entry of judgment provided that the plaintiff can establish in the garnishment proceeding that the insurer-garnishee failed to act in good faith. *Shaw, supra* at 154; *Fuller, supra* at 353. Indeed, under Pennsylvania law, a garnishment proceeding is a distinct civil action wherein issues of fact may be raised and the procedure may be adversarial, calling for a judgment independent of the underlying cause of action. *Graef v. Graef,* 633 F. Supp. 450, 452 (E.D. Pa. 1986). Furthermore, Rule 3145 states that "the procedure between the plaintiff and the garnishee shall, as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer

in a civil action." Pa.R.C.P. 3145(a). Accordingly the issue of Nationwide's bad faith can be litigated in the garnishment proceeding.

Nationwide has also argued that plaintiff's cause of action, if any, lies pursuant to section 8371 of the Judicial Code, which specifically authorizes a private cause of action for the bad faith actions of an insurer. 42 Pa.C.S. §8371.[1] That section became effective July 1, 1990, in response to the Pennsylvania Supreme Court's decision in *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.,* 494 Pa. 501, 431 A.2d 966 (1981), wherein it was held that there existed no private cause of action by an insured against his or her insurer. Although there appears no published appellate authority discussing the effect the enactment section 8371 has had on garnishment proceedings brought against an insurer for bad faith, there is nothing in that section which suggests that a garnishment proceeding is no longer a proper method to obtain an excess verdict from an insurer. Therefore, Nationwide's demurrer must be overruled. Similarly, there is no basis for this court to stay execution or set aside the writ as there have been no grounds presented for such action.

Finally, Nationwide raises a laundry list of other objections, none of which have any merit. First, Nationwide argues that since this court dismissed this action in its order of December 7, 1994, plaintiff is barred from recommencing the action. This argument is seriously flawed in that the previous order did not dismiss the *action,* but only the original set of interrogatories.

Second, Nationwide contends that the plaintiff's action be stricken under the rules of equity and funda-

---

1. Act of 1990, February 7, P.L. 11, no. 6, §3, effective July 1, 1990.

mental fairness because Nationwide will not be afforded the opportunity to conduct discovery in a garnishment proceeding the same as it would if plaintiff were required to commence a civil action. This argument is completely unfounded. The Pennsylvania Rules of Deposition and Discovery, set forth at Pa.R.C.P. 4001 et seq., *"apply to any civil action or proceeding at law or in equity . . . ."* Pa.R.C.P. 4001(a)(1). (emphasis added)

Third, Nationwide alleges that the amended interrogatories fail to comply with both Pa.R.C.P. 3144 and Pa.R.C.P. 3253; however, Nationwide has failed to indicate in what manner the interrogatories are violative of these rules.

Finally, Nationwide asserts that service upon it of the re-issued writ and the amended interrogatories by way of regular mail was defective. This objection is also without merit as Nationwide has failed to indicate how such service was defective.

Accordingly, we enter the following:

## ORDER

And now, April 21, 1995, garnishee's preliminary objections, petition to set aside execution/rule to show cause and motion for protective order, are hereby denied.