Alan FELDMAN and Jacqueline Feldman, H/W and Joseph Entine, M.D.

v.

PENNSYLVANIA MEDICAL PROFESSIONAL LIABILITY CATASTROPHE LOSS FUND, Pennsylvania Property and Casualty Insurance Guaranty Association

Appeal of: Alan Feldman and Jacqueline Feldman, H/W.

Superior Court of Pennsylvania.

Argued Oct. 27, 2004.

Filed Jan. 31, 2005.

Reargument Denied March 23, 2005.

Eric G. Zajac, Philadelphia, for appellants.

Lise Luborsky, Philadelphia, for appellee.

BEFORE: DEL SOLE, P.J.;
GANTMAN and OLSZEWSKI, JJ.

OPINION BY OLSZEWSKI, J.:

¶ 1 Appellants (Alan Feldman, Jacqueline Feldman, and Joseph Entine, M.D.) appeal the order granting appellee (Pennsylvania Property and Casualty Insurance Guaranty Association) summary judgment. On appeal, appellants challenge the grant of summary judgment by claiming that appellee is obligated to pay a proportional share of delay damages and post-judgment interest in addition to the amount already paid under the insurance policy at issue. We affirm.

¶ 2 On December 2, 1989, the Physicians Insurance Company issued an insurance policy to Joseph H. Entine, M.D. Physicians Insurance Company Physicians Professional Liability Policy, at 1. The policy provided coverage of $200,000 per occurrence, beginning January 1, 1990, and ending January 1, 1991. *Id.* at 4.

¶ 3 On August 16, 1990, Alan Feldman underwent surgery, performed by Dr. Entine, in order to remove a cancerous growth embedded in Mr. Feldman's thyroid gland. Trial Court Opinion, 9/9/99, at 1. During the operation, Mr. Feldman's laryngeal nerve was damaged, causing paralysis of the left vocal cord. *Id.* at 2. Because of the paralysis, Mr. Feldman's voice was permanently injured, resulting in constant hoarseness and weakness of voice. *Id.*

¶ 4 In April of 1992, Alan and Jacqueline Feldman commenced an action against Dr. Entine alleging medical malpractice. Pa. R.A.P. 1925(a) Opinion, 5/26/04, at 1. Physicians Insurance Company provided Dr. Entine's defense. *Id.* On January 21, 1998, Physicians Insurance Company was declared insolvent by an order of liquidation issued by the Commonwealth Court of Pennsylvania. *Id.* Thereafter, the Pennsylvania Property and Casualty Insurance Guaranty Association (hereinafter "PIGA"), through statutory mandate,[1] assumed Dr. Entine's defense; PIGA was not a party in the underlying action. *Id.* at 2. After a mistrial in May of 1997, a second trial was held in May of 1999, in which the jury found Dr. Entine liable. *Id.* The jury verdict consisted of an award of $2,500,000.00. Trial Court Order, 9/9/99, at 1. Delay damages of $1,251,863.20 were additionally assessed, resulting in a total judgment of $3,751,863.20. *Id.* By December 28, 2000, PIGA had issued to the Feldmans checks totaling $200,000, the amount of the underlying insurance policy. Pa.R.A.P. 1925(a) Opinion, 5/26/04, at 2.

¶ 5 In March of 2001, appellants commenced a declaratory action in order to determine PIGA's responsibility for a proportionate share of the delay damages and post-judgment interest. *Id.* On March, 1, 2004, PIGA filed a motion for summary judgment which was granted on April 12, 2004. *Id.* This is the resulting appeal.

¶ 6 Appellants frame the issue for our review as follows:

Whether the lower court erred in denying the motion for summary judgment of appellants and in granting the motion for summary judgment of appellee, finding that appellee had no obligation to pay the insolvent insurers' proportionate share of delay damages and post-judgment interest, even though the insolvent insurer would have been required to pay such damages, and even though the

---

**1.** 40 P.S. §§ 991.1801–991.1820.

[PIGA] statute does not absolve [PIGA] of the obligation to pay such damages? Appellants' Brief, at 1.

▆▆▆▆ ¶ 7 Appellant challenges the lower court's grant of summary judgment for appellee. Our standard of review on an appeal from the grant of summary judgment is settled: a reviewing court may disturb the order of the trial court "only where it is established that the court committed an error of law or abused its discretion." *Capek v. Devito,* 564 Pa. 267, 767 A.2d 1047, 1048 n. 1 (2001). In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule, Pa.R.C.P. 1035.2. The rule states that "where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered." *Young v. Penn-DOT,* 560 Pa. 373, 744 A.2d 1276, 1277 (2000). We will view the record "in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 615 A.2d 303, 304 (1992).

¶ 8 According to the Pennsylvania Property and Casualty Insurance Guaranty Association Act, the purpose of the association is "to provide a means for payment of covered claims under certain property and casualty insurance policies, to avoid excessive delay in the payment of such claims and to avoid financial loss to claimants or policyholders as a result of the insolvency of the insurer." 40 P.S. § 991.1801. A "covered claim" is defined as "an unpaid claim . . . which arises out of and is within the coverage and is subject to the applicable limits of an insurance policy to which this article applies issued by an insurer if such insurer becomes an insolvent insurer after the effective date of this article." 40

P.S. § 991.1802. PIGA has the duty "to pay covered claims," and "any obligation of the association to defend an insured shall cease upon the association's payment or tender of an amount equal to the lesser of the association's covered claim obligation or the applicable policy limit." 40 P.S. § 991.1803(b)(1)(i). PIGA's obligation "shall be satisfied by paying to the claimant . . . an amount not exceeding three hundred thousand dollars per claimant." *Id.* And, "in no event shall the association be obligated to pay a claimant in excess of the obligation of the insolvent insurer under the policy or coverage from which the claim arises." 40 P.S. § 991.1803(b)(1)(ii).

▆▆▆ . ¶ 9 There is no dispute that the claim asserted by the Feldmans against Dr. Entine is a covered claim. The dispute in this matter is in regard to the amount payable under the claim. Appellants argue that had the Physicians Insurance Company not become insolvent, it would have been obligated to pay the Feldmans the $200,000 policy limit and, additionally, a proportionate share of the delay damages and post-judgment interest. They note that the statute creating the Medical Professional Liability Catastrophe Loss Fund (hereinafter "CAT Fund") states that in addition to the CAT Fund's responsibility to pay delay damages and post-judgment interest, the basic insurance carrier is also responsible for its proportionate share. Appellant's Brief, at 7; 40 P.S. § 1301.702(j). Additionally, appellants note that Pennsylvania Rule of Civil Procedure 238 provides that "at the request of a plaintiff in a civil action seeking monetary relief for bodily injury . . . damages for delay shall be awarded to the amount of compensatory damages against each defendant found to be liable to the plaintiff in the verdict of the jury . . . and shall become part of the verdict."

¶ 10 While appellants' arguments are well articulated, we cannot agree. First, we note that the CAT Fund is not implicated, or otherwise interested, in the current declaratory action, and as such, the statutes pertaining to the CAT Fund are not applicable in the present matter.

¶ 11 Appellants' other claim, that had the Physicians Insurance Company not become insolvent, it would have been obligated to pay the Feldmans the $200,000 policy limit as well as a proportionate share of the delay damages and post-judgment interest, is not necessarily true. This Court, interpreting Pa.R.C.P 238, has held that if delay damages "are found owing, the plaintiff may collect them from the defendant only. There is no provision for shifting liability to an insurer who has the sole right to conduct the defense." *Hall v. Brown,* 363 Pa.Super. 415, 526 A.2d 413, 416 (1987). The Court held that "where the [insurer] has paid the limits of its policy, its liability may be enlarged provided [a showing] in a subsequent action that it breached its duty to act in good faith." *Id.* The *Hall* court went on to note: "it is clear that a determination that an insurance carrier is liable for delay damages, even under [a] more discretionary and fault-based analysis, is something less than a finding that the carrier acted in bad faith." *Id.* Here, there have been no allegations of bad faith on the part of the insurance carrier in the assessment of delay damages; it therefore does not necessarily follow that had the Physicians Insurance Company not become insolvent, it would have had to pay delay damages in excess of the insurance policy limits.

¶ 12 Additionally, the trial court stated in its opinion that Pa.R.C.P 238(a)(1) provides that delay damages are to be awarded "against each defendant ... found liable to the plaintiff in the verdict of the jury." Trial Court Opinion, 5/26/04, at 5. As the trial court noted, PIGA was not found liable to the plaintiff in the underlying action; hence, delay damages are inappropriate against PIGA.[2] *See Elliott–Reese v. Medical Prof'l Liab. Catastrophe Loss Fund,* 805 A.2d 1253, 1255 (Pa. Cmwlth.2002) (holding PIGA's obligation to a patient who prevailed in a medical malpractice action against her physicians was limited to the policy limit of the physicians' insolvent insurance carrier, so that PIGA, which paid the policy limit, was not required to pay a share of delay damages and post-judgment interest; any recovery for delay damages was to be pursued through the Physicians Insurance Company liquidation proceedings).

¶ 13 PIGA satisfied its obligation by paying the Feldmans the amount of the policy limit, and the trial judge did not commit an error of law or abuse her discretion in granting PIGA summary judgment.

¶ 14 Order affirmed.

¶ 15 Concurring Statement by P.J. DEL SOLE.

CONCURRING STATEMENT BY DEL SOLE, P.J.:

¶ 1 I concur in the result but would affirm based on the reasons expressed by the Commonwealth Court in *Elliott–Reese v. Medical Prof'l Liab. Catastrophe Loss Fund,* 805 A.2d 1253 (Pa.Cmwlth.2002).

---

2. Because the trial court did not find PIGA liable for damages above the policy limit, attorneys' fees, costs and interest, also prayed for by appellants, were not awarded.