609 A.2d 569

**Kristen H. STRUTZ and Carl James Strutz, Her Husband, Appellants,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY and Lorna Binder.**

Superior Court of Pennsylvania.

Argued April 23, 1992.

Filed June 26, 1992.

372

Raymond G. Hasley, Pittsburgh, for appellants.

Mike Nerone, Pittsburgh, for appellees.

Before TAMILIA, HUDOCK and HESTER, JJ.

TAMILIA, Judge:

Kristen H. Strutz and Carl J. Strutz, her husband, take this appeal from the July 31, 1991 Order granting defendants' preliminary objections in the nature of a demurrer and dismissing the suit as to appellee State Farm Mutual Insurance Company.

On May 8, 1991, appellants filed suit to recover for personal injuries and property damage sustained when their vehicle collided with that driven by appellee Lorna Binder, an insured of State Farm. Appellees filed preliminary objections which demurred to the complaint, moved to strike references to settlement negotiations, requested more specific pleadings and averred improper venue. By Order dated July 31, 1991, the court sustained the preliminary objections as to improper venue and demurrer and dismissed defendant State Farm with prejudice.

The appellants argue the court abused its discretion by granting appellees' demurrer and by finding appellants, as alleged third-party beneficiaries, had no cause of action against the insurer. Assuming they are third-party beneficiaries under Binder's policy, appellants contend they qualify as "insureds" and argue their cause of action against State Farm is proper pursuant to the terms of the policy. Lastly, appellants aver State Farm's failure to negotiate and settle their claim pursuant to appellants' valuation of those claims, despite State Farm's alleged admitted liability, constituted bad faith.

On an appeal from an Order sustaining preliminary objections in the nature of a demurrer "we accept as true all well-pleaded material facts set forth in the complaint as well as all inferences reasonably deducible therefrom." *DiMarco v. Lynch Homes*, 525 Pa. 558, 561, 583 A.2d 422, 424 (1990), quoting *Dercoli v. PA National Mutual Insurance Co.*, 520 Pa. 471, 476, 554 A.2d 906, 908 (1989). However, the court is free to disregard averments which are conclusions of law. *Whitmer v. Bell Telephone of PA*, 361 Pa.Super. 282, 522 A.2d 584 (1987). *See also Allegheny Co. v. Commonwealth*, 507 Pa. 360, 372, 490 A.2d 402, 408 (1985). A mere settlement offer cannot be construed as an admission of liability. *Rochester Machine Corp. v. Mulach Steel Corp.*, 498 Pa. 545, 449 A.2d 1366 (1982).

To be considered a third-party beneficiary in this state it is necessary to show both parties to the contract had an intent to benefit the third party through the contract and did, in fact, explicitly indicate this intent in the contract. *Spires v. Hanover Fire Ins. Co.*, 364 Pa. 52, 70 A.2d 828 (1950). *See also Gerace v. Holmes Protection of Phila.*, 357 Pa.Super. 467, 516 A.2d 354 (1986), *appeal denied*, 515 Pa. 580, 527 A.2d 541 (1987). We find no such intent in Binder's contract of insurance with State Farm, either explicit or implied. The parties' intent was to exchange premiums for liability protection, with no eye toward benefiting persons such as the plaintiffs. Appellants' reliance on *Rose & Son, Inc. v. Zurich General Accident Co.*, 296 Pa. 206, 145 A. 813 (1929), for the proposition accident victims are third-party beneficiaries of automobile liability policies, is also misplaced. In *Rose* the plaintiff had been struck by one of the insured's, Rose's, trucks and had sued the insurer to satisfy her judgment when the insured went bankrupt. The right to bring such suit against a liability insurer, premised on the tortfeasor/insured's insolvency, is authorized by statute. 40 Pa.S. § 117, Indemnity insurance; statement as to insolvency or bankruptcy of insured. Also without merit is appellants' argument the court must accept

as true its averment they are third-party beneficiaries. Such a statement is a conclusion of law rather than a factual averment and need not be accepted as true. Finally, any admissions of liability made on the insured's behalf were incompetent.

Next, appellants aver the court erred by finding they are not entitled to bring a bad faith action against State Farm. We agree with the trial court the duty to negotiate a settlement in good faith arises from the insurance policy and is owed to the insured, not to a third-party claimant. By asserting its policy right to handle all claims, the insurer assumes a fiduciary position toward the insured and becomes liable to act in good faith and with due care in representing the interests of the insured. *Hall v. Brown*, 363 Pa.Super. 415, 526 A.2d 413 (1987), *appeal denied*, 522 Pa. 624, 564 A.2d 916 (1989). Contrary to appellants' contention, the facts are distinguishable from those herein. In *Dercoli, supra,* the court found the insurance company's duty to deal in good faith with the injured party arose from the fact the injured party was the wife of the insured and, herself, an insured under the policy. Dercoli did not recover on the basis of the defendant insurance company's duty to bargain with a claimant other than the insured.

Appellants also contend their right to sue State Farm is guaranteed by the equal protection clause of the United States Constitution as it applies to section 8371 of the Judicial Code, Actions on insurance policies. 42 Pa.C.S. § 8371. Appellants argue the fourteenth amendment, which guarantees government will treat similarly situated individuals in a similar manner, is violated by not applying to them in an equal manner section 8371, which grants an insured the right to sue his insurer if it fails to act in good faith. As alleged third-party beneficiaries, appellants believe the Constitution forbids denying them the same rights as contract-designated (insureds) beneficiaries.

Having found appellants are not third-party beneficiaries of appellee Binder's insurance policy with State Farm, it is not necessary to address appellants' argument which relies

on this averment. *Dercoli, supra,* also relied upon by appellants to support this constitutional argument, is factually distinguishable from the case at bar and therefore inapplicable.

■ Appellants' final argument, that the Unfair Insurance Practices Act, 40 Pa.S. § 1171.1 *et seq.,* allows a civil claim against an insurer by a private plaintiff for the insurer's failure to deal in good faith, is likewise without merit. *See D'Ambrosio v. PA National Mutual Casualty Insurance Co.,* 494 Pa. 501, 431 A.2d 966 (1981) (Insured was not entitled to supplement remedies of Unfair Insurance Practices Act by an action in trespass to obtain damages because of insurer's alleged "bad faith" conduct).

Based on the foregoing reasons of law and fact we affirm the Order sustaining appellees' preliminary objections.

Order affirmed.