### Donald HORNE, Appellant,

v.

**Gregory A. HALADAY, Francis A. Haladay, George S. Haladay, Gregory A. Haladay and James G. Haladay, t/d/b/a/ Haladay Bros. Poultry, Haladay Farms, A Partnership, By and Through Its Partners George S. Haladay, Gregory A. Haladay And Francis A. Haladay, Haladay Bros. Poultry, Inc., Haladay Bros. Poultry, A Partnership, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1998.

Filed March 30, 1999

Gregory T. Moro, Bloomsburg, for appellant.

Charles H. Saylor, Sunbury, for appellees.

Before POPOVICH, SCHILLER and OLSZEWSKI, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the order of the Court of Common Pleas of Columbia County, which granted appellees' motion for summary judgment and dismissed appellant's complaint. Herein, appellant contends that the lower court erred in granting summary

judgment in favor of appellees on his claims of private nuisance and negligence. Finding no error in the decision of the lower court, we affirm.

¶ 2 Our standard of review in a motion for summary judgment is well–settled.

This court will only reverse the trial court's entry of summary judgment where there was an abuse of discretion or an error of law. *Merriweather v. Philadelphia Newspapers, Inc.*, 453 Pa.Super. 464, 684 A.2d 137 (1996). Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material, fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2, 42 Pa.C.S.A. In determining whether to grant summary judgment, a trial court must resolve all doubts against the moving party and examine the record in, a light most favorable to the non-moving party. *Id.* Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Id.*

*Electronic Laboratory Supply Co. v. Cullen*, 712 A.2d 304, 307 (Pa.Super.1998) (citation omitted). *See also, Harman v. Borah*, 720 A.2d 1058, 1061 (Pa.Super.1998); *Henninger v. State Farm Ins. Co.*, 719 A.2d 1074, 1075 (Pa.Super.1998). With this standard in mind, we review the trial court's grant of summary judgment.

¶ 3 The record reveal that appellant instituted this action by writ of summons filed on November 21, 1995. Subsequently, appellant filed his complaint to which appellees filed preliminary objections. The preliminary objections were sustained, and appellant was granted leave to amend his complaint. Appellant filed his amended complaint on October 31, 1996, in which he set forth a private nuisance claim and a negligence claim. Both causes of action were based on the same operative facts, as set forth in ¶¶ 17–24 and ¶¶ 25–27 of his complaint. Appellant alleged that in 1993, appellees began operating a poultry business on their property which is adjacent to appellant's premises. Appellees began their poultry operation in November of 1993, when they stocked their poultry house with 122,000 laying hens. Since that time, the only substantial change to appellees' operation was the construction of a decomposition building for waste, including dead chickens, in August of 1994. Appellant alleged that the poultry business interferes with his use and enjoyment of his property in the following ways:

(a) by operating [their] poultry business is such a manner so as to create an excessive number of flies on [appellant's] real estate;

(b) by operating [their] poultry business is such a manner so as to create a strong odor emanating on [appellant's] real estate each day;

(c) by operating [their] poultry business is such a manner so as to create excessive noise, the sound of which are (sic) heard by [appellant] during all hours of the night;

(d) by operating [their] poultry business is such a manner whereby [appellant] often finds eggshells, feathers and dead chickens on his real estate.

Appellant's Complaint, ¶¶ 20 and 26.

¶ 4 Appellant further alleged that appellees' failure to take reasonable steps to control the flies, strong odor, excessive noise and waste, i.e., eggshells, feathers and dead chickens, has harmed him by causing the substantial depreciation in value of his home in the amount of $60,000.00.

¶ 5 Appellees answered appellant's complaint and alleged that they operate their poultry business in a reasonable manner so as to minimize any flies, odor, noise and waste. Further, appellees alleged that they properly disposed of eggshells, feathers and dead chickens. Most importantly, in their new matter, appellee alleged that appellant's claims were barred by operation of the provisions of the Right to Farm Act, 3 P.S. §§ 951–957.

¶ 6 Following additional pleading and discovery, appellees moved for summary judgment. Significantly, appellant did not respond to the motion, via responsive pleading or opposing affidavits or additional discovery. The lower court agreed that appellant's pri-

vate nuisance cause of action was barred by operation of 3 P.S. § 954. The court also dismissed appellant's negligence claim since appellant failed to present any support for his claim in a response to appellees' motion for summary judgment. *See* Pa.R.C.P. 1035.3. This timely appeal followed.

¶ 7 We now consider appellant's claim that the lower court erred when it dismissed appellant's private nuisance claim. The lower court determined that appellant's nuisance claim was barred by the provisions of the Right to Farm Act, 3 P.S. §§ 951–957. We agree.

¶ 8 In an effort to protect agricultural operations from the encroachment of nonagricultural uses and the nuisance suits which inevitably follow, the Legislature enacted the Right to Farm Act, which, in part, provides:

§ 951. **Legislative policy**

It is the declared policy of the Commonwealth to conserve and protect and encourage the development and improvement of its agricultural land for the production of food and other agricultural products. When nonagricultural land uses extend into agricultural areas, agricultural operations often become the subject of nuisance suits and ordinances. As a result, agricultural operations are sometimes forced to cease operations. Many others are discouraged from making investments in farm improvements. It is the purpose of this act to reduce the loss to the Commonwealth of its agricultural resources by limiting the circumstances under which agricultural operations may be the subject matter of nuisance suits and ordinances.

¶ 9 Although the Right to Farm Act was clearly enacted to protect agricultural uses of land, those persons negatively affected by an agricultural operation are not absolutely prohibited from filing nuisance suits against their agricultural neighbors. Rather, they must file their nuisance actions within one year of the inception of the agricultural operation or a substantial change in that operation, as provided by § 954(a) of the Right to Farm Act, or they must base their suit upon a violation of any Federal, State or local statute or regulation, as provided by § 954(b)

of the Act. Specifically, the Right to Farm Act provides:

§ 954. **Limitation on public nuisances**

(a) No nuisance action shall be brought against an agricultural operation which has lawfully been in operation for one year or more prior to the date of bringing such action, where the conditions or circumstances complained of as constituting the basis for the nuisance action have existed substantially unchanged since the established date of operation and are normal agricultural operations, or if the physical facilities of such agricultural operations are substantially expanded or substantially altered and the expanded or substantially altered facility has been in operation for one year or more prior to the date of bringing such action: Provided, however, That nothing herein shall in any way restrict or impede the authority of this State from protecting the public health, safety and welfare or the authority of a municipality to enforce State law.

(b) The provisions of this section shall not affect or defeat the right of any person, firm or corporation to recover damages for any injuries or damages sustained by them on account of any agricultural operation or any portion of an agricultural operation which is conducted in violation of any Federal, State or local statute or governmental regulation which applies to that agricultural operation or portion thereof.

¶ 10 Presently, the record clearly reveals that appellees began operation of their poultry house in November of 1993, when they stocked the house with 122,000 laying hens. The only change in their operation which could even be considered substantial took place in August of 1994, when appellees placed a decomposition house into operation. Appellant did not institute his suit until November 21, 1995, and he has not alleged that the poultry farming operation has changed in any manner since that time, except perhaps to concede that certain conditions have improved since the decomposition house was placed into operation. Thus, appellees' poultry house was lawfully in operation in a substantially unchanged manner for more than one year prior to the date on which

appellant filed his nuisance suit, and the action is, therefore, time-barred by 3 P.S. § 954(a). Accordingly, we find that the lower court did not err in granting appellees' motion for summary judgment based upon the Right to Farm Act.[1]

■ ¶ 11 Despite its clear application to the facts of this case, appellant insists that the Right to Farm Act does not apply to his private nuisance suit for several reasons. First, he argues that the Right to Farm Act was enacted to protect only *existing* agricultural operations from the encroachment of residential development, and since his residential use of his property predated appellees' poultry farm, § 954(a) of the Right to Farm Act does not apply. Upon review, we reject appellant's argument, as it is belied by the vary language of § 951 which, in pertinent part, states: "It is the declared policy of the Commonwealth to conserve and protect and *encourage the development and improvement of its agricultural land for the production of food and other agricultural products*." (emphasis added). Appellant's argument ignores the express policy of the Commonwealth to encourage the "development...of its agricultural land." Thus, the Right to Farm Act was enacted to protect appellees' right to develop their poultry operation, provided it is conducted in a manner that complies with applicable Federal, State and local statutes and regulations. *See* 3 P.S. § 954(b). The Act does not limit its application to nuisance suits except as set forth in 3 P.S. § 954(a), which requires nuisance actions to be filed within one year of the inception of the agricultural operation or within one year of a substantial change in that operation. As previously stated, appellant simply failed to file his nuisance action in a timely manner.

■ ¶ 12 Second, appellant argues that the Right to Farm Act does not apply to bar his private nuisance action because 3 P.S. § 954, is headed "Limitation on public nuisances." However, as our Supreme Court stated in *Commonwealth v. Magwood*, 503 Pa. 169, 176, 469 A.2d 115, 119 (1983):

> While 1 Pa.C.S. § 1924 does indeed provide that "[t]he title ... of a statute may be considered in the construction thereof", that section also provides that "[t]he headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute *shall not be considered to control ...*." Emphasis added. It is also a "well-established rule" that the title "cannot control the plain words of the statute" and that even in the case of ambiguity it may be considered only to "resolve the uncertainty." *Sutherland Statutory Construction* § 47.03 (Sands 4th ed.1973).

¶ 13 While the heading to 3 P.S. § 954 is "Limitation on public nuisances," nowhere within the plain words of § 954 is there any indication that the Legislature intended the Act to limit only an individual's right to file a *public* nuisance action. Rather, the statute expressly provides, *"No nuisance action* shall be brought against an agricultural operation which has lawfully been in operation for one year or more prior to the date of bringing such action...." 3 P.S. § 954(a) (emphasis added). In addition, a review of the remainder of the Right to Farm Act reveals no language which limits its application of public nuisance suits only. For example, 3 P.S. § 951, "Legislative Policy", in pertinent part, provides: "It is the purpose of this act to reduce the loss to the Commonwealth of its agricultural resources by limiting the circumstances under which agricultural operations may be the subject matter of *nuisance suits* and ordinances." (Emphasis added). Significantly, the actual title of the act is "Protection of Agricultural Operations from Nuisance Suits and Ordinances." Thus, we opine that the language of the Right to Farm Act is not ambiguous and applies to both

---

1. For the purposes of this appeal only, we have ruled that appellees' construction and subsequent use of the decomposition house was a substantial change in their poultry operation sufficient to start the one-year limitations period anew. We do so because even if we employ this later date to the benefit of appellant, his nuisance action is nevertheless barred by 3 P.S. § 954(a).

It is, of course, arguable that the one-year period began in November of 1993, when the chicken house was stocked with 122,000 laying hens or in the Spring and Summer of 1994, when appellant began to experience problems with flies and odor. *See* Motion for Summary Judgment, Exhibit A, Deposition of Donald Horne, p. 42, 51.

private and public nuisance suits, since the operative statutory language of the Act does not expressly limit its application to public nuisance suits, but rather, applies to all types of "nuisance suits and ordinances." 3 P.S. § 951. *See also,* Restatement (Second) of Torts § 821A ("In this Restatement "nuisance" is used to denote either (a) a public nuisance as defined in § 821B, or (2) a private nuisance as defined in § 821D").

¶ 14  Third, appellant appears to argue that 3 P.S. § 954(a) does not bar his nuisance cause of action because appellees' poultry house has not been "lawfully" in operation for one year prior to the date of his suit. His argument could also be interpreted as suggesting his action is not barred because it is based upon appellees' violation of Federal, State or local statutes or regulations. *See* 3 P.S. § 954(b).

¶ 15  Presently, appellees' poultry operation and appellant's land are located in an area zoned for agricultural purposes. Appellees' Answer and New Matter, ¶ 28; Appellant's Answer to New Matter, ¶ 28. Further, appellees' poultry farm clearly is a "normal agricultural operation" as defined by the Right to Farm Act.[2] Thus, from the averments in the pleadings, appellees' poultry farm appears to be a lawful agricultural entity to which the Right to Farm Act applies.

¶ 16  To avoid the application of the one-year limitations period or raise a material issue of fact regarding whether appellees' operation violates any statute or governmental regulation, appellant must adduce evidence that appellees' operation violated local, State or Federal statutes or regulations. 3 P.S. § 954(b). It is clear that summary judgment may be entered "if, after completion of discovery relevant to the motion, including production of expert reports, an adverse party who will bear the burden of proof

at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(2). Further, "[t]he adverse party may not rest upon the mere allegations or denial of the pleadings but must file a response within thirty days after service of the motion identifying (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cite as not having been produced." Pa. R.C.P. 1035.3(a). Significantly, appellant did not file any response to appellees' motion for summary judgment. Thus, in violation of Pa.R.C.P. 1035.3(a), appellant has failed to identify sufficient evidence to avoid the entry of summary judgment.[3]

¶ 17  Further, despite appellant's current assertion that the record reveals a genuine issue of material fact regarding whether appellees' operation of the poultry house complies with local, State and Federal laws, we find that appellant has failed to cited any portion of the record that indicates that appellees' poultry operation violated any statute or regulation. In fact, the only evidence to which appellant refers in support of his claim that appellees' operation of the chicken house is not lawful is the fact that appellees' farm has been inspected by George Hubbard of the local agricultural office, Tom Herman of the Department of Environmental Protection and a representative of the Department of Agriculture. Unfortunately for appellant, the record does not indicate these visits were in response to unlawful operations at the poultry house, and the record does not indicate whether any local, State or Federal

---

**2.**  3 P.S. § 952 defines "normal agricultural operation" as: "The customary and generally accepted activities, practices and procedures that farmers adopt, use or engage in year after year in the production and preparation for market of poultry, livestock and their products and in the production and harvesting of agricultural, agronomic, horticultural, silvicultural and aquicultural crops and commodities and is: (1) not less than ten contiguous acres in area; or (2) less than ten

contiguous acres in area but has an anticipated yearly gross income of at least $10,000."

**3.**  We note that the appellant proposed to depose a government official and an expert in flies and odor within 90 days of the order of September 15, 1997, and thereafter file a supplementary brief within 30 days. However, appellant did neither.

official ever cited appellees for failing to conduct their business in a lawful manner. Rather, the record reveals that appellees made every effort to comply with applicable statutes and regulations, as evidenced by a letter from Paul E. Knepley, DVM, of the Pennsylvania Department of Agriculture, which was attached to the affidavit of James G. Halady, filed on August 26, 1997. The letter reads as follows:

TO WHOM IT MAY CONCERN:

Responding to a public complaint of unusually strong manure odor, I visited the Haladay Bros. Poultry Farm on June 26, 1996. I could not detect any manure odor at all from various vantage points approximately one-fifth of a mile from the layer house. Upon entering the parking lot, I could detect some manure odor (which was not strong) immediately adjacent to the buildings.

When I interviewed the Haladay family, I was impressed with their knowledge of manure handling and fly control techniques. They have taken an aggressive, pro-active management approach to controlling flies and farm odors including soliciting expert advice from the Penn State University system, the Department of Environmental Protection, and other management resources. At the time of my visit they were using an effective manure additive to reduce ammonia odor as well as using a state-of-the-art electric fly control system.

Having visited the facility, I cannot conclude there was much merit to the complaint. Haladay Bros. Poultry Farm appeared to be operated within normal and reasonable levels of odor and fly control, as well as having a well-informed pro-active management.

¶ 18  Upon review, we find that there simply is no evidence of record which would raise a genuine issue of material fact regarding whether appellees' operated their poultry house in an illegal manner, and, accordingly, the lower court did not err in granting summary judgment. *Ertel v. Patriot–News Co.*, 544 Pa. 93, 101–102, 674 A.2d 1038, 1042 (1996) ("a nonmoving party must adduce sufficient evidence on an issue essential to his case and which he bears the burden of proof such that a jury could return a verdict in his favor").

¶ 19  In sum, we agree with the lower court's conclusion that appellant's nuisance suit instituted by writ of summons on November 21, 1995, is time-barred by operation of 3 P.S. § 954(a), since appellees' poultry business has operated in a substantially unchanged manner since August of 1994, and it is clear from the record that the facts underlying appellant's nuisance action existed by August of 1994, if not earlier. Further, appellant has not adduced evidence which would raise a genuine issue of material fact regarding whether appellees' operation violated any Federal, State or local statute or regulation. Thus, the lower court properly granted summary judgment of appellant's private nuisance claim.

¶ 20  We turn now to appellant's argument that the lower court erred in granting summary judgment as to his negligence claim, which he contends differs from his nuisance cause of action. In *Kramer v. Pittsburgh Coal Co.*, 341 Pa. 379, 380, 19 A.2d 362, 363 (1941), our Supreme Court stated:

"The term [nuisance] signifies in law such a use of a property or such a course of conduct as, irrespective of actual trespass against others or of malicious or actual criminal intent, transgresses the just restrictions upon use or conduct which the proximity of other persons or property in civilized communities imposes upon what would otherwise be rightful freedom. In legal phraseology, the term 'nuisance' is applied to that class of wrongs that arise from the unreasonable, unwarrantable, or unlawful use by a person of his own property, real or personal, or from his own improper, indecent, or unlawful personal conduct, working an obstruction or injury to a right of another, or of the public, and producing such material annoyance, inconvenience, discomfort or hurt that the law will presume a consequent damage." 46 C.J. 645, 646. "Nuisance is distinguishable from negligence." *Id.*, 650. "The distinction between trespass and nuisance consists in the former being a direct infringe-

ment of one's right of property, while, in the later, the infringement is the result of an act which is not wrongful in itself, but only in the consequences which may flow from it." *Id.*, 651.

While nuisance is distinguishable from negligence, we find that the distinction does not support appellant's right to pursue a negligence action in this case.

¶ 21 Presently, the exact same facts support both appellant's nuisance and negligence claims. Appellant ignores the fact that appellees' operation of their poultry farm is an infringement upon the use of appellant's property which "is not wrongful in itself, but only in the consequences which may flow from its[,]" and, thus, is properly a nuisance claim. *Kramer*, 19 A.2d at 363. Since appellant's negligence claim is really a nuisance claim, we find it is time-barred by operation of 3 P.S. § 954, as previously discussed.

¶ 22 Order granting summary judgment is affirmed.