TREMCO, INC., Appellant,

v.

PENNSYLVANIA MANUFACTURERS
ASSOCIATION INSURANCE
COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued March 12, 2003.
Filed Sept. 16, 2003.

Philip L. Hinerman, Philadelphia, for appellant.

Wendy H. Koch, Jenkintown, for appellee.

BEFORE: DEL SOLE, P.J., GRACI and BECK, JJ.

OPINION BY BECK, J.:

¶ 1 This is a dispute over insurance coverage sought by plaintiff-appellant Tremco, Incorporated (Tremco) from defendant-appellee Pennsylvania Manufacturers' Association Insurance Company (PMAIC). The trial court granted summary judgment against Tremco and in favor of PMAIC, holding that PMAIC did not owe or breach any duty to provide coverage to Tremco. We affirm.

¶ 2 When considering the trial court's grant of summary judgment, our scope of review is plenary. *Martin v. Hale Products, Inc.,* 699 A.2d 1283 (Pa.Super.1997).

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Horne v. Haladay*, 728 A.2d 954 (Pa.Super.1999) (citing Pa.R.Civ.P. 1035.2). The relevant facts in this matter were not in dispute.

¶ 3 Tremco sold roofing products to a contractor named Gooding Simpson & Mackes (GS & M) pursuant to a Certified Contractor Agreement, for use in certain construction at Eyer Junior High School in Macungie, Pennsylvania. The relevant portions of the contract between Tremco and GS & M provide:

D. Tremco Incorporate[d] shall be added as an additional insured on the general liability coverage...

E. The Roofing Contractor [GS & M] agrees to indemnify and hold Tremco Incorporated, its officers and employees, harmless from any and all losses, costs, expenses (including court costs, attorney's fees, interest and profits), claims, demands and suits for any bodily injury, illness or death of any person, or for any loss of damage to the property of any person, partnership, proprietorship, corporation or condominium association, and from any and all claims or suits of employees of the Roofing Contractor caused in whole or in part by any negligent act or omission on the part of the Roofing Contractor or any of his employees, whether such claims may be based upon the Roofing Contractor's alleged passive or active negligence or participation in the wrong or upon any alleged breach of any statutory duty or obligation on the part of the Roofing Contractor...

¶ 4 Several students and teachers at Eyer Junior High School sued GS & M, Tremco and various other defendants for injuries they allegedly sustained as a result of their exposure to toxic fumes that escaped during roofing construction work at the school. Relying on the hold harmless clause contained in the contract between itself and GS & M, and claiming to be an insured under the GS & M policy issued by PMAIC, Tremco filed this direct action against PMAIC, seeking payment of its defense costs and counsel fees, and seeking punitive damages for PMAIC's alleged bad faith breach of contract in refusing to defend and indemnify Tremco in the underlying lawsuit. Tremco claimed to be an insured under the PMAIC policy, or a third party beneficiary of PMAIC's insurance contract with GS & M. The trial court rejected these claims and granted summary judgment. Tremco again raises these arguments in this appeal.

¶ 5 There is no question that Tremco is not a "named insured" under the PMAIC insurance policy. Though the contract between GS & M and Tremco required that GS & M place Tremco on the insurance policy as a named insured, GS & M failed to do so until after the events at issue here. Tremco nonetheless seeks direct coverage from PMAIC under its policy, arguing that Tremco's contract with GS & M is an "insured contract" under the terms of that policy.

¶ 6 The relevant portions of the insurance policy PMAIC issued to GS & M provide:

1. **Insuring Agreement.**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies...

2. **Exclusions.**

This insurance does not apply to:

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

> (1) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement...

An "insured contract" is defined in the PMAIC policy as, *inter alia:*

> f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

¶ 7 The language of this contract between GS & M and Tremco binds GS & M to assume liability for tort claims against Tremco arising out of GS & M's negligence, such as those contained in the underlying lawsuit for personal injuries, and thus apparently is an "insured contract" within the terms of the PMAIC contract. *But see Brooks v. Colton,* 760 A.2d 393 (Pa.Super.2000) (collective bargaining agreement between insured Township and defendant employee did not expressly bind Township to assume liability for defendant's torts, and therefore it was not an "insured contract"); *Hertz Corp. v. Smith,* 441 Pa.Super. 575, 657 A.2d 1316 (1995) (underlying action for breach of contract relating to payment for rental car property damage did not involve tort liability, and therefore was not covered under policy).

■ ¶ 8 The question remains, however, whether Tremco itself may enforce the terms of GS & M's insurance policy in a direct action against PMAIC, when Tremco is not listed as an additional insured on that policy. The trial court concluded that Tremco was not entitled to maintain such action, and we agree.

■ ¶ 9 As Tremco is clearly not a named insured on the PMAIC policy, we consider Tremco's argument that it is entitled to bring this direct claim against PMAIC as a third-party beneficiary of the policy. The standard for establishing status as a third-party beneficiary is a difficult one. "To be considered a third-party beneficiary in this state it is necessary to show both parties to the contract had an intent to benefit the third party through the contract and did, in fact, explicitly indicate this intent in the contract." *Strutz v. State Farm Mut. Ins. Co.,* 415 Pa.Super. 371, 609 A.2d 569, 570 (1992). *Compare Looby v. Local 13 Productions,* 751 A.2d 220 (Pa.Super.2000) (general provisions contained in contract between party promoters and rental hall were insufficient to make party guest plaintiffs intended third party beneficiaries of that contract).

¶ 10 Though the insurance policy issued by PMAIC to GS & M apparently envisioned the potential existence of an "insured contract" such as the one between GS & M and Tremco, Tremco has not established that both GS & M and PMAIC "explicitly indicated" their intent to benefit Tremco in particular in that policy. Therefore, Tremco's argument that it is an intended third party beneficiary of the PMAIC insurance policy, who may sue PMAIC directly for coverage under it, is without merit. *See Hicks v. Saboe,* 521 Pa. 380, 555 A.2d 1241 (1989) (title insurance company and plaintiff were not in privity,

and she was neither named insured nor third-party beneficiary, so there was no basis in law for plaintiff to sue title company).

¶ 11 Clearly, Tremco's remedy is an action against GS & M, which evidently breached its contract with Tremco by failing to include Tremco as a named insured on the PMAIC insurance policy, and which had a duty to hold Tremco harmless from liability in actions such as that brought by the Eyer students and teachers. We find no error in the trial court's decision to grant summary judgment in favor of PMA-IC, and therefore affirm.

¶ 12 Order granting summary judgment against Tremco and in favor of PMAIC affirmed.