**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4813
_____

STEVEN LEBOON,
                          Appellant

v.

ALAN MCILVAIN COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-02574)
District Judge:  Mary A. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 5, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven LeBoon appeals the District Court's order dismissing his case for failure to prosecute. He also appeals numerous interlocutory orders entered before his case was dismissed. We will affirm the judgment of the District Court.

We write solely for the parties and therefore only recite those facts that are necessary to our disposition. LeBoon represented himself at trial against his former employer on claims of employment discrimination and retaliation. However, on the second day of trial, LeBoon did not appear for court. He called the District Court and explained that he was having car trouble and thus could not get to court that day, and he was unsure whether he could make it to court the following day. The District Court declared a mistrial and ordered LeBoon to show cause why his case should not be dismissed for failure to prosecute. Specifically, the District Court ordered LeBoon to provide proof of his car troubles, including a report from the mechanic he retained to repair his car.

LeBoon filed a letter averring that he had been unable to start his car on the morning of trial, and he attached undated photographs showing a mechanic working on his car. He also averred that, on the morning of the second day of trial, he could not find a different way to travel to court—he was unable to afford to rent a car and lived far away from public transportation. After reviewing LeBoon's submission, the District Court found that LeBoon's claims of car trouble were unsubstantiated, noting that he failed to

submit any documentation from his mechanic corroborating his account. The Court also found that LeBoon could have taken public transportation to court.

Ultimately, the District Court concluded that LeBoon's case should be dismissed under the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The District Court determined that LeBoon was personally responsible for causing the mistrial, had acted willfully and in bad faith, and was unlikely to succeed on the merits. In addition, the court found that the defendant would be prejudiced if forced to continue to litigate this case. LeBoon moved for reconsideration, which the District Court denied.

On appeal, LeBoon challenges numerous interlocutory orders entered before his case was dismissed. An order dismissing a case for failure to prosecute is an appealable final order under 28 U.S.C. § 1291. Usually, interlocutory orders merge with the district court's final judgment and are also appealable. See Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 244-45 (3d Cir. 2013). This rule does not apply, however, when judgment is entered for failure to prosecute under Rule 41(b). See Marshall v. Sielaff, 492 F.2d 917, 919 (3d Cir. 1974). The purpose of this exception is to avoid the piecemeal litigation that would result if litigants who failed to prosecute could appeal immediately the district court's interlocutory decisions. See id. Thus, we may review only the District Court's exercise of discretion in dismissing LeBoon's case for failure to prosecute.

3

In determining whether the Court abused its discretion in dismissing the case for failure to prosecute, we are guided by the factors articulated in Poulis. These include "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868 (emphases removed).

We perceive no abuse of discretion. We agree with the District Court that the first factor, the extent of LeBoon's responsibility, weighs against him. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (pro se litigant is "solely responsible for the progress of his case."). LeBoon claimed that he was unable to get to court, and that he was not personally responsible for his car troubles. However, the District Court concluded, with record support, that LeBoon willfully caused the mistrial. LeBoon failed to support his claims of car trouble with a dated letter from his mechanic, which caused the court "to doubt the veracity" of his claimed excuse. And the record supports the District Court's conclusion that he could have taken public transportation to court, notwithstanding any car trouble.

The second factor, which focuses on prejudice to the Defendants, also weighs against LeBoon as the Defendants were required to expend to expend time and expense to

4

prepare for trial, only to have the case mistried after the first day of testimony. Moreover, the third factor—LeBoon's history of dilatoriness—weighs in favor of dismissal. The District Court's dismissal order emphasized his dilatory tactics. For example, the District Court conducted a pre-trial conference to explain to LeBoon which witnesses he would be permitted to call, and why a particular witness could or could not testify. Nevertheless, on the eve of trail, he sent the court a proposed witness-list that included many witnesses that the District Court had already stricken, and he attempted to relitigate this issue with the District Court at trial. LeBoon also arrived for trial unprepared, and he ended the first day of trial early because he was not ready to question his witnesses. Moreover, this record also supports the District Court's conclusion that LeBoon was causing delay willfully and in bad faith—the fourth consideration under Poulis. The last factor considers whether LeBoon was likely to succeed on his claims. The record supports the District Court's conclusion that he was not.

On appeal, LeBoon asserts that the District Court "compounded its abuse of discretion" by denying his motion to reconsider the dismissal, but he provides no legal authority or argument supporting this assertion. Nonetheless, we have reviewed the District Court's order denying reconsideration, and we perceive no abuse of discretion. The District Court properly dismissed LeBoon's case in light of the Poulis factors. Nothing in LeBoon's motion for reconsideration casts doubt on that judgment.

Accordingly, we will affirm the judgment of the District Court.