**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2088
_____

STEVEN LEBOON,
                                        Appellant

v.

ZURICH AMERICAN INS. CO.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 15-cv-05904)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 12, 2016

Before: SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: December 12, 2016)
_____

OPINION*
_____

PER CURIAM

Steven LeBoon appeals from an order of the District Court dismissing his complaint and denying his motions for sanctions. For the reasons that follow, we will affirm.

LeBoon was hired by the Alan McIlvain Company ("AMC") in September 2008, and terminated from his position there as Human Resources Manager on May 8, 2009. On May 9, 2012, he filed a complaint pro se in the United States District Court for the Eastern District of Pennsylvania against AMC, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and the Pennsylvania Human Relations Act in that he was terminated just after he had suffered a workplace injury. The parties' motions for summary judgment were denied and the case was set for trial. On the second day of trial, LeBoon called to explain that he was having car trouble and could not get to court that day. The District Judge assigned to the case declared a mistrial and ordered LeBoon to show cause why his case should not be dismissed for failure to prosecute. Specifically, the District Judge ordered LeBoon to provide proof of his car troubles. After reviewing LeBoon's response, the District Judge found that his claims of car trouble were unsubstantiated and that he could have taken public transportation to court. LeBoon's case was dismissed for failure to prosecute pursuant to Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). We affirmed on appeal, see LeBoon v. Alan McIlvain Co., 628 F. App'x 98 (3d Cir. 2015).

On October 29, 2015, LeBoon filed a pro se complaint in the Eastern District against Zurich American Insurance Company, AMC's liability insurer, alleging bad faith in connection with his employment discrimination action, see 42 Pa. Cons. Stat. Ann. § 8371, common law bad faith, and breach of an implied covenant of good faith and fair dealing. LeBoon's allegations were premised on Zurich's conduct while defending AMC. Specifically, he claimed that Zurich, as AMC's counsel and insurer, failed to

make any good faith offers to settle the employment litigation and thus breached a duty owed to him. LeBoon asserted that "Zurich was careless in unnecessary litigation using over $1 million [and] leaving ZERO pennies for me." Form Complaint, at ¶ III(C). LeBoon also alleged a violation of the Employee Retirement Income Security Act of 1974 {"ERISA"), 29 U.S.C. §§ 1001, et seq.

Zurich filed a motion to dismiss the complaint for failure to state a claim on which relief may be granted, Fed. R. Civ. P. 12(b)(6), attaching as an exhibit a copy of the liability policy issued by Zurich American Insurance Company to Alan McIlvain Company, effective February 14, 2009 to February 14, 2010. Zurich argued that its only obligation under the liability policy was to defend and indemnify AMC, an obligation it executed successfully, and that, because LeBoon had no basis for arguing that he was an Insured under the policy, he had no basis for maintaining a civil action against Zurich based on allegations of bad faith. LeBoon's common law claims failed for the same reason, Zurich argued, and ERISA had no application whatever to the case because the liability policy at issue clearly was not an "employee welfare benefits plan" subject to ERISA, see 29 U.S.C. § 1002(1).

Eight days after Zurich filed its motion to dismiss on the civil docket, LeBoon filed a motion for sanctions against Zurich alleging that its counsel failed to properly serve him with the motion to dismiss. LeBoon sought a default judgment in the amount of $1,000,000.00. After Zurich responded to LeBoon's motion for sanctions, asserting that counsel for Zurich had properly served LeBoon via U.S. Mail, postage prepaid, at his address of record, LeBoon filed a second motion for sanctions.

In an order entered on April 18, 2016, the District Court granted Zurich's motion to dismiss the complaint and denied LeBoon's motions for sanctions. Applying Federal Rule of Civil Procedure 5(b)(2), the Court found that the certificate accompanying Zurich's motion to dismiss stated that the motion had been served via U.S. Mail, postage prepaid, to LeBoon at 426 Buchanan Road, Perkasie, PA 18944, and that this certification was sufficient to establish the presumption of regularity that an addressee has received a properly addressed and mailed pleading. The Court further found that LeBoon had not provided any evidence that he had changed his address, and his unsupported and conclusory assertion that he never received Zurich's motion to dismiss was insufficient to show noncompliance by Zurich with Rule 5. The District Court went on to conclude that, considering the motion to dismiss on the merits, LeBoon's complaint failed to state a plausible claim for relief. After reviewing the terms of the policy, the Court found that LeBoon was not an Insured within the meaning of the policy. Accordingly, the Court concluded, Zurich owed no duty to LeBoon to settle the employment discrimination case, and thus none of his claims survived Zurich's motion to dismiss.

LeBoon appeals. We have jurisdiction under 28 U.S.C. § 1291. After briefing was complete, LeBoon filed a motion to stay this appeal pending the outcome of discovery he says he is conducting in a case he has recently filed against AMC in the Bucks County Court of Common Pleas. Zurich responded in opposition to the motion, and also submitted a letter to the Court. LeBoon then filed a reply and a supplemental motion, revising his request for a stay.

We will affirm. We hold first that the District Court properly determined that LeBoon failed to overcome the presumption of service of Zurich's motion to dismiss the complaint, and thus properly denied LeBoon's motions for sanctions. A District Court's findings of fact are reviewed for clear error. See United States v. 6.45 Acres of Land, 409 F.3d 139, 145 (3d Cir. 2005). Federal Rule of Civil Procedure 5(b)(2)(C) provides that a motion is properly served by "mailing it to the person's last known address -- in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). The District Court did not clearly err in finding that Zurich complied with Rule 5's service requirements. "The common law has long recognized a presumption that an item properly mailed was received by the addressee." In re: Cendant Corp. Prides Litig., 311 F.3d 298, 304 (3d Cir. 2002). Once a certificate of service is filed asserting that a pleading was properly addressed, had sufficient postage, and was served by being placed in the U.S. mail, a presumption of regularity arises that the addressee received the pleading. Id. Beyond his denial of receipt of Zurich's motion to dismiss, LeBoon offered no explanation or evidence, such as a recent change of address or problems with receipt of mail, to rebut the presumption of receipt of the motion to dismiss.

We further hold that the District Court properly granted Zurich's motion to dismiss LeBoon's complaint. When ruling on a defendant's motion to dismiss, the Court may consider a document explicitly relied upon in the complaint without converting the motion to dismiss to a summary judgment motion. In re: Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287 (3d Cir. 1999). A Court may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion

to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Here, the District Court properly relied upon the terms of Zurich's liability insurance policy in ruling on the motion to dismiss.

Review of a District Court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6) is plenary. A Rule 12(b)(6) motion tests the sufficiency of the factual allegations contained in the complaint. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We look for "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of" a claim for relief. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

In that LeBoon plainly is not an Insured under the liability policy, he failed to state a plausible claim for relief on his allegations of bad faith. Under the unambiguous terms of the liability policy, Zurich's only obligation was to provide for the defense and indemnity of covered claims against AMC. It had no obligation to LeBoon, as AMC's adversary, to settle the employment litigation, and thus his bad faith claims cannot survive Zurich's motion to dismiss, just as the District Court concluded. See Strutz v. State Farm Mutual Insurance Co., 609 A.2d 569, 571 (Pa. Super. Ct. 1992) ("[T]he duty to negotiate a settlement in good faith arises from the insurance policy and is owed to the

6

insured, not to a third-party claimant.").  In addition, the liability policy clearly is not an "employee welfare benefits plan" subject to ERISA, see 29 U.S.C. § 1002(1).[1]

For the foregoing reasons, we will affirm the order of the District Court dismissing LeBoon's complaint pursuant to Rule 12(b)(6) and denying his motions for sanctions. We will deny LeBoon's motion and supplemental motion to stay this appeal because additional discovery will not establish that Zurich owed him a duty to settle the employment litigation.

---

[1] Zurich notes in its brief that LeBoon previously filed ERISA actions in the Eastern District of Pennsylvania against AMC's group disability benefits insurer, asserting a wrongful denial of long-term disability benefits under AMC's employee benefit plan, see LeBoon v. Allan McIlvain Co., et al., D.C. Civ. No. 10-cv-004035, and LeBoon v. Unum Group, D.C. Civ. No. 11-cv-07069.  Appellee's Brief, at 5.