Opinion by
 

 Stadtfeld, J.,
 

 This is an appeal by Lucy Kennedy Miller from the allowance of a fee in the sum of $4,250 to D. L. Starr, Esq., Master in Partition in a partition in equity in the Court of Common Pleas of Allegheny County.
 

 Julian Kennedy died, leaving his estate to his four children in equal shares. His real estate consisted of two parcels in the City of Pittsburgh, one, his own residence at 5400 Forbes St., and the other, a rented property at 3501 Forbes St.
 

 The two daughters of the decedent, Lucy Kennedy Miller and Eliza Kennedy Smith, filed a bill in equity against their brothers, Joseph W. Kennedy and Julian Kennedy, Jr., for a partition of the two properties. A decree was entered by Marshall (Elder W.) J. that a partition be made of all of the real estate and D. L. Starr, Esq., was appointed master to divide and apportion the property and to hear and determine a claim of Joseph W. Kennedy, one of the defendants, for contribution from his co-tenants for expenses incurred by him in the upkeep of the residence property. On the latter claim, the master held four separate hearings and heard testimony which, transcribed, covers 140 typewritten pages.
 

 The proceedings resulted in the sale of the properties, realizing $54,200. The residence property was sold for $38,700 and the rented property for $15,500. The rented property had first been bidden in by the plaintiffs for $12,100, but exceptions thereto having been filed the court ordered a resale which resulted in sale to plaintiffs for $15,500, after the master had, through his personal efforts, secured successive authentic bids of $12,500 and $14,500.
 

 In addition to preparing and filing an interlocutory report, a return of sale, a supplemental interlocutory report, a return of special sale, and a final report and gcfeedifie of distribution, the master 'was obliged tQ
 
 *545
 
 negotiate with the Federal government respecting estate taxes, to petition the court for instructions as to apportionment of real estate taxes, and to petition for leave to make deed to a purchaser’s nominee. Moreover, he saw to it that his proposed sales were brought to the attention of many scores of real estate brokers and other individuals, as a result of which he held numerous conferences with prospective bidders.
 

 There is no dispute as to the facts and it is admitted that the master performed his duties competently and expeditiously.
 

 Exceptions to the allowance of the master’s fee were filed only by the plaintiffs, Lucy Kennedy Miller and Eliza Kennedy Smith, and after the exceptions were dismissed by the court en banc, all the parties, except appellant, paid their respective portions of the fee.
 

 The sole question is the reasonableness of the fee allowed. There is no hard and fast rule to govern the court in awarding fees to a master in partition, but the same depends on the facts and circumstances of each particular case, and there is no person better able to judge of the services rendered than the judge who had complete charge and was thoroughly familiar with the entire proceedings. It is only in cases of an abuse of discretion of the court below, that this court will interfere.
 

 Quoting from the opinion of the court below: “We were of the opinion, therefore, that the Master was more than customarily diligent, that by his efforts the amount for distribution to the parties was materially increased, that he performed services not ordinarily rendered by a Master in Partition, and that he executed his trust with great fidelity and success, and for the material benefit of all parties. Having considered all these factors, it was clear a larger fee had been earned than in the usual stereotyped partition proceedings. Accordingly, our judgment was and is that the Master’s
 
 *546
 
 services were fairly and reasonably worth the sum of $4,250 and that any lesser allowance would have been inadequate.”
 

 The rule governing us is well set forth in
 
 Rambo’s Estate,
 
 327 Pa. 258,193 A. 1, where the Supreme Court in an opinion by Mr. Justice Maxey says, at p. 266: “This court has frequently held that the allowance or disallowance of counsel fees rests generally in the judgment of the court of the first instance and its decision will not be interfered with except for palpable error:
 
 Robb’s Appeal,
 
 41 Pa. 45, and
 
 Good’s Est.,
 
 150 Pa. 307, 24 A. 623. In the last mentioned case, Mr. Justice Mitchell said: ‘The amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance. Its opportunities of judging the exact amount of labor, skill and responsibility involved, as well as its knowledge of the rate of professional compensation usual at the time and place, are necessarily greater than ours, and its judgment should not be interfered with except for plain error.’ We see no error in the amount of counsel fees allowed here.”
 

 While the fee allowed in this case is larger than in the ordinary cases in partition, we cannot say that under all the circumstances it is excessive, or that there was such an abuse of discretion by the court below as to warrant a reversal.
 

 Assignment of error is overruled and the order of the court below affirmed.