J-S14003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LYNDON D. LARUE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY R. LARUE AND CHARLES A. | : | |
| LARUE | : | |
| | : | No. 1490 MDA 2020 |
| Appellants | : | |

Appeal from the Order Entered October 26, 2020
In the Court of Common Pleas of Susquehanna County Civil Division at
No(s): 2015-01088

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 25, 2021**

Larry R. and Charles A. LaRue (collectively "Appellants") appeal from the order that, *inter alia*, denied their request for reconsideration of the order approving the partition master's request for compensation.[1] We affirm.

We glean the following underlying facts from the pleadings and the master's report. Lyndon, Larry, and Charles LaRue were co-owners of a fifty-five acre parcel of land in Susquehanna County, Pennsylvania ("the Property"), originally owned by Kathleen LaRue, who was Lyndon's mother and the grandmother of Appellants. In October 2015, Lyndon filed a complaint in partition expressing the desire to cease being a cotenant with his nephews.

---

[1] Lyndon D. LaRue filed a notice of lack of interest in this appeal. Michael Brichele, Esquire, the court-appointed master, was granted leave to intervene in this appeal and has filed a brief.

Appellants admitted most allegations of the complaint, but contended that the Property could not be divided. As majority owners, they sought to purchase Larry's share at the value set by the court.

At a preliminary conference held pursuant to Pa.R.A.P. 1558(a), as the parties remained unable to agree on partition or sale, the trial court appointed a special master to hear the entire matter, with his fees and the costs of a real estate appraiser and any other experts to be equally divided among the three parties. *See* Order 10/12/16, at unnumbered 1-2. The court did not, however, specify the Master's rate of compensation.

The Master set about securing the pertinent expert input and held hearings in September 2017 and February 2018. When no decision was forthcoming, the parties sought court intervention. By order of May 17, 2019, the court directed the Master to issue a determination based upon the existing record. In January 2020, Appellants filed a motion to compel a decision from the Master, and in February 2020, a petition for removal of the Master. The trial court denied the petition for removal, but instructed the Master to file a report and recommendation within sixty days. *See* Order, 2/5/20.

The Master complied on March 5, 2020. The Master concluded that the Property was worth $481,300, and was able to be divided, without spoiling the whole, into three purparts each worth $158,759. *See* Report and Recommendation, 3/5/20, at 33-34. Appellants filed multiple exceptions which the trial court overruled after a hearing. *See* Order 7/16/20, at ¶¶ 9-

14.  The court adopted the Master's recommendations, *inter alia*, ordering division of the Property into the purparts designated in an exhibit to the Master's report.  *Id*. at ¶ 2-3.

The following week, the Master filed a motion for approval of his compensation.  Therein, he provided detailed information of his services in connection with the proceeding from October 13, 2016, to March 5, 2020, totaling fifty-seven hours at $250 per hour, plus additional costs for copying and postage, amounting to a grand total of $14,311.24.  **See** Motion Requesting Approval of Compensation, 7/22/20, Exhibit A at 1-6.  By order entered the same day, the court granted the motion and directed each party to pay $4,770.41 within thirty days.

Appellants filed first for reconsideration of, then objections to, the grant of compensation to the Master.  They contended that the services for which the Master requested compensation were unnecessary and unreasonable, and that "the hourly rate set forth by the [c]ourt for a Master [is] $60.00 per hour, not $250.00 per hour."  Objections to Master's Motion Requesting Approval for Compensation, 10/20/20, at ¶¶ 2-3.  The court rejected their complaints by order dated October 23, 2020.  Appellants filed a timely notice of appeal and complied with the court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Thereafter, the trial court filed a statement pursuant to Pa.R.A.P. 1925(a) directing us to its October 23, 2020 order to find the reasons for its ruling.

Larry and Charles present the following questions for our resolution:

1.  Whether the trial court manifestly abused its discretion in approving a partition master's billing rate contrary to the trial court's established and published schedule of compensation.

2.  Whether the trial court['s] abuse of discretion compromised the public's faith in the court's administration of justice and undermines the court's ability to have competent counsel accept appointments for other quasi-judicial appointments at rates lower than that approved here.

Appellants' brief at 4.

We begin with an overview of the pertinent legal principles. Partition is an action for equitable relief and is governed by Pa.R.C.P. 1551-74. "When reviewing the findings of a court in equity, an appellate court's review is limited to a determination of whether the chancellor committed an error of law or abused his discretion." *T.W. Phillips Gas & Oil Co. v. Jedlicka*, 42 A.3d 261, 267 (Pa. 2012) (cleaned up). "An abuse of discretion is not merely an error of judgment. It requires a showing of manifest unreasonableness, partiality, ill-will, or such lack of support as to be clearly erroneous. Under this standard, the party challenging the trial court's discretion on appeal bears a heavy burden." *SLT Holdings, LLC v. Mitch-Well Energy, Inc.*, 217 A.3d 1248, 1251 (Pa.Super. 2019).

In a partition action, at any time after the holding of a preliminary conference pursuant to Pa.R.C.P. 1558(a), the court "may appoint a master to hear the entire matter or to conduct any sale, or to act upon only specified issues or matters relating to the carrying out of the order of partition."

Pa.R.C.P. 1558(b). An appointed master "shall make such examinations and hold such hearings as may be necessary," and may hire appraisers, and other experts. Pa.R.C.P. 1559.

Our Supreme Court has observed that a master "is an officer of the court exercising quasi judicial duties. . . . His fee is on a footing with the fee of the prothonotary and other court officers[.]" **Novy v. Novy**, 188 A. 328, 331 (Pa. 1936). Since 1955, awarding fees for masters has been specified by the Rules of Civil Procedure. **See** Pa.R.C.P. 1574 ("Costs shall be paid by the parties in proportion to their interests in the property. The compensation of appraisers, master's fee and compensation of experts authorized by the court shall be taxed as part of the costs.").

The amount of the master's fee award "depends on the facts and circumstances of each particular case, and there is no person better able to judge of the services rendered than the judge who had complete charge and was thoroughly familiar with the entire proceedings." **Miller v. Kennedy**, 545, 200 A. 173, 173–74 (Pa.Super. 1938). Hence, it is for the court to "fix the fee of the master and assess it as the justice of the case requires." **Novy**, **supra** at 331. Accordingly, "[i]t is only in cases of an abuse of discretion of the court below, that this court will interfere." **Miller**, **supra** at 174. **See also Shuman v. Shuman**, 170 A.2d 597, 598 (Pa.Super. 1961) ("It is well settled by our cases that the amount of an allowance for the Master is largely within the discretion of the court below.").

- 5 -

Turning to the case *sub judice*, Appellants do not contest the Master's entitlement to fees, challenge the number of hours billed, or dispute the general reasonableness of his rate of $250 per hour. Rather, their claim is entirely based upon the fact that, at the time the Master was appointed in 2016, the "court had recently published a fee schedule for court appointments" setting $60 per hour as the rate of compensation. Appellants' brief at 8. Appellants argue that they were entitled to rely upon that published rate, and the trial court's allowance of "arbitrary changes in the Master's compensation after the fact" was a manifest abuse of discretion. *Id*. at 9.

In their second issue, Appellants contend more generally that "[t]he purity of the administration of justice is compromised" by failing to abide by the published schedule because a rate of $250 per hour for a forty-hour work week amounts to annual compensation of over $500,000, while the president judge of the county earns a fraction of that amount. *Id*. at 12. Further, Appellants suggest, allowing $250 for some cases "undermines the willingness of members of the Bar to accept court appointments for all other quasi-judicial positions for lesser compensation." *Id*. at 10-11.

Appellants have failed to satisfy their heavy burden of convincing us that the trial court's ruling is an abuse of discretion. First, the published fee schedule to which Appellants refer is a February 8, 2016 memorandum from the court administrator to the Susquehanna County Bar Association that states as follows:

Per Judge Legg, when court appointed as counsel or hearing master in any proceeding, please submit your bills for services rendered directly to the court. This includes guardian *ad litem* in private petitions for termination of parental rights and guardianships of an alleged incapacitated persons as well as partition master proceedings.

The only exception shall be when acting as a guardian *ad litem* in a Children and Youth Agency related matter. Bills for services rendered in that capacity shall be submitted directly to the Agency.

The hourly rate for such cases will be $60.00 per hour with a mileage rate of 0.54 per mile per the 2016 Miscellaneous Compensation Schedule. Please note that the County will only reimburse you travel time for mileage, not your travel time.

As with any court appointment, we request that you continue to be mindful of expenditures relating to taxpayer dollars.

Should you have any questions or need further information, please feel free to contact me.

Motion for Reconsideration, 7/29/20, at Exhibit B.

Hence, this published fee schedule is not an administrative order of court issued by the judge, but a memorandum to the local bar association. Further, as the Master aptly notes, Appellant offered nothing to authenticate the document or to explain to whom it applies. **See** Intervenor's brief at 8 n.3. Moreover, with its references to county reimbursement and mindfulness of taxpayer dollars, the memo appears to apply only "to appointments of counsel made by the trial court for which the **county** pays the submitted invoice." **Id**. at 8 (emphasis in original). In the instant case, the parties and not the taxpayers are responsible for payment of the Master's fees. Additionally, the

Master offered evidence that he and another appointed partition master had fees of $250 per hour approved after the 2016 memorandum was issued. ***See*** N.T. Reconsideration Hearing, 10/23/20, at 2-4. Accordingly, Appellants have failed to establish that the $60 fee referenced in the memorandum was ever intended to apply to this case.

Second, to the extent that Appellants are arguing that they relied upon the published rate such that estoppel principles should apply, they present no explanation of how they relied to their detriment upon the "published" $60 rate. Appellants merely posit that "they and their counsel should reasonably be expected to rely upon the court's setting of fees to guide their actions and determine the best course of action with regard to the presentations of their claims and the cost/benefit of certain choices in the presentation and/or negotiation of claims." Appellants' brief at 9 (footnote omitted). Appellants do not cite a single example of how they would have proceeded differently had they known the Master's rate was $250 per hour. Assuming *arguendo* that estoppel is an available basis for relief, Appellants have offered us no basis to conclude that they acted to their injury or detriment in justifiable reliance upon this unauthenticated fee schedule of questionable applicability. ***See***, ***e.g.***, ***Commc'ns Network Int'l, Ltd. v. Mullineaux***, 187 A.3d 951, 963 (Pa.Super. 2018) (explaining that equitable estoppel requires detrimental reliance).

Finally, Appellant's argument about the destruction of the "purity" of judicial administration smacks of hyperbole. Furthermore, the trial court did not address these allegations as Appellants did not present them to the trial court. This theory cannot be raised for the first time on appeal. **_See_** Pa.R.A.P. 302(a). In any event, as the Master observes, Appellants fail to offer law or fact to support contentions that a rate of $250 per hour in this case somehow "diminishes the worth and value of the services provided by attorneys[.]" Intervenor's brief at 11-12. Moreover, Appellants' income-calculation-disparity assertions are based upon the unsubstantiated and facially-unreasonable assumption that Susquehanna County has enough partition master work to enable an attorney to spend forty hours every week billing for such appointments and thus earning $500,000. As such, Appellant's final arguments are unavailing.

The trial court properly acknowledged that the Master's fee was to be awarded "based upon such factors as the complexity and difficulty of the litigation, the time devoted by the master, and the overall quality of the work performed." Order, 10/23/20, at n.1. The trial court found the Master's fee and cost request to be "reasonable and appropriate" after "reviewing the billing records submitted by the Partition Master, coupled with the thorough report and recommendation as well as the independent steps taken by the Partition Master to guide this case to a conclusion[.]" **_Id_**. The trial court declined to undertake an "extended evaluation as to whether the 2016 fee

schedule applied to a partition master" or whether subsequent awards above that amount "resulted in a de facto modification" of the schedule. *Id*. Rather, it concluded, it was "enough that the Partition Master has demonstrated that the fee and cost request is reasonable in light of the nature of the litigation and the work performed." *Id*.

For the foregoing reasons, we hold that Appellants have not satisfied their burden of establishing that the trial court's decision was the product "of manifest unreasonableness, partiality, ill-will, or such lack of support as to be clearly erroneous." *SLT Holdings*, *supra* at 1251. We therefore have no basis to disturb the October 23, 2020 order. *Accord Miller*, *supra* at 174 (discerning no abuse of discretion in award of $4,250 fee to master in partition case with property worth $54,200 in light of the master's diligent efforts).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/25/2021